THE CITY OF ST. LOUIS v. MEYROSE LAMP MANUFAC-
TURING COMPANY, *Appellant*.

Division Two, June 8, 1897.

1. **City Ordinance:** CONSTITUTIONAL: ENGINEERS' LICENSE. An ordinance which assesses against any company or person a fine that employs an unlicensed engineer, if passed in pursuance to the charter of the city, is not unconstitutional.

St. Louis v. Lamp Mfg. Co.

2. ——: ——: LEGISLATIVE POWER. The delegation to certain per-
sons or boards, by ordinance and appointment, of the power to grant
licenses in the name of the city to certain persons to act as engineers,
is not a delegation by the mayor and council of legislative power.
Such ordinances and the examinations thereunder are in the nature
of police functions.

3. ——: ——: LICENSES GENERALLY. An ordinance requiring an
engineer to have a license from the city before he can operate boilers
and engines within the city's limits, is similar to the statutes that
require physicians and dentists to have licenses from the proper
boards, and to those requiring lawyers to submit to examinations and
obtain licenses from courts before they are permitted to practice their
profession.

4. ——: ABUSE OF DISCRETION BY BOARDS: MANDAMUS. If such
boards withhold licenses from caprice or whim, *mandamus* will lie to
compel them to perform their duty, even though the ordinance may
not provide that "no person possessing the necessary qualifications
shall be refused a license."

5. ——: ——: CASE DISTINGUISHED. The *Radecke* case, 49 Md. 217,
distinguished from the one at bar.

*Appeal from St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

AFFIRMED.

*E. J. O'Brien* and *D. B. Kribben* for appellant.

(1) It is manifest that the charter does not con-
fer upon the city power to require owners of steam
boilers to employ anybody; it is entirely silent on
such subject. Therefore, the assumption by the city
of such power is void. Municipal corporations possess
and can exercise only, *first*, such powers as are granted
in express words; *second*, those necessarily or fairly im-
plied in or incidental to the powers expressly granted,
and *third*, those which are essential to the declared
objects and purposes of the corporation. Any fair,
reasonable doubt concerning the existence of a power
of a municipal corporation will be resolved against the

corporation and the power denied. *St. Louis v. Bell Telephone Co.*, 96 Mo. 623; *St. Louis v. Laughlin*, 49 Mo. 562; 1 Dillon, Mun. Corp., sec. 89; *St. Louis v. Herthel*, 88 Mo. 128. (2) The ordinance not only deprives a steam boiler owner from employing an engineer of his own selection, but as in the case at bar, prohibits him from retaining as an employee an engineer who has served the appellant in that capacity for fifteen years, and this deprivation is accomplished under the ordinance without notice or process of any description. He can not even operate his own steam plant, unless he procure a license which, as we have noted, may be refused him at the sole option of two of the board of engineers. The ordinance is void because it violates the following provisions of the Constitution of this State, viz.: "Sec. 4, art. 2. That all persons have a natural right to life, liberty and the enjoyment of the gains of their own industry. Section 30, art. 2: That no person shall be deprived of life, liberty or property without due process of law. Section 53, art. 4: Forbidding the legislature to grant "to any corporation,. association or individual any special or exclusive right, privilege or immunity." *State v. Loomis*, 115 Mo. 307; *State v. Julow,* 31 S. W. Rep. 781; *State v. Jacobs*, 98 N. Y. 98; *People v. Marx*, 99 N. Y. 377; *State v. Divine*, 98 N. C. 778; *In re Yick Wo*, 118 U. S. 372; *Radecke* case, 49 Md. 217; *City of Richmond v. Dudley*, 28 N. E. Rep. 312. (3) The ordinance, inasmuch as it finally and exclusively commits to the board of engineers such discretion is a delegation of power without authority, and is therefore void. Ministerial powers may be delegated by a city but legislative powers can not. Legislative power implies judgment and discretion on the part of those who exercise it, and a special confidence and trust on the part of those who confer it. *St. Louis v. Howard*, 119 Mo. 41; *City v.*

*Russell*, 116 Mo. 255; *St. Louis v. Clemens*, 43 Mo. 395; *Ruggles v. Collier*, 43 Mo. 353; *Thompson v. Boonville*, 61 Mo. 282; *Matthews v. Alexandria*, 68 Mo. 115; *In re Quong Woo*, 13 Fed. Rep. 229; *Barthet v. New Orleans*, 24 Fed. Rep. 564; *Newton v. Bolger*, 143 Mass. 598; *Darling v. St. Paul*, 19 Minn. 389.

*W. C. Marshall* and *Leverett Bell* for respondent.

(1) Appellant relies upon two propositions in this case, to wit: *First.* That the ordinance in question deprives the owner of a steam boiler of the right to select his own engineer, and in the case at bar even prohibits the owner from operating his own steam plant; and appellant contends that for this reason the ordinance violates sections 4 and 30, of article 2, and section 53, of article 4, of the Constitution of Missouri. *Second.* That the ordinance is void because it grants to the board of engineers the power to say whether or not an applicant for a license as an engineer possesses the "capacity, skill, experience and habits of sobriety requisite to perform the duties of an engineer." And that the ordinance creating the board of engineers and vesting in them the power to examine and license applicants as engineers is a delegation of legislative power —the power being vested by the charter in the mayor and assembly alone. I am wholly unable to see wherein this wholesome police regulation in any manner conflicts with any of the articles or sections of the Constitution relied upon by appellant. Steam boilers, when located in large cities, may become a source of danger, not only to the occupants of the house in which they are operated, but to other persons occupying adjoining premises. This being the case, it is within the police doctrine of *sic utere tuo ut alienum non laedas*. A man may be perfectly willing to risk his own life or the lives of his

family by operating a steam boiler himself, or having it operated by another, neither of whom possessed any sufficient knowledge on the subject, but he has 'no right to jeopardize the lives and well being of his neighbors, however indifferent he might be as to those of his own family. The Constitution of this State never granted to any man an absolute right to use his own property in any manner he saw fit. No man in a civilized community has absolute freedom either of person or property. The restrictions necessary to a well regulated community curtail his natural rights. (2) Appellant's second contention that the ordinance is void because it authorizes the board of engineers to examine applicants for licenses as engineers and to pass upon their capacity, skill, experience and habits of sobriety, and hence is a delegation of legislative power, because the charter confers such power upon the mayor and assembly. The charter authorizes the mayor and assembly by ordinance, "to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health, or the manufacture or vending of articles obnoxious to the health of the inhabitants." And "to make provision . . . . . . . for the inspection of steam boilers and all steam heating apparatus, and to license engineers using steam boilers in said city." And "to regulate and provide for the election or appointment of city officers required by this charter, or authorized by ordinance, and provide for their suspension and removal." And it also provides for the appointment of an inspector of boilers and elevators, and for the appointment of two persons, one of whom shall be a practical, mechanical engineer, and one shall be a manufacturer of engines and steam machinery, who, in connection with the inspector of boilers and elevators. The ordinance provisions are valid ordinance provisions under the charter of the city.

(3) The gravamen of appellant's objection seems to be that under the charter of the city of St. Louis, the mayor and assembly alone has power to examine applicants for engineer's licenses, and that if it undertakes to create a board of engineers with power to license them, it thereby delegates legislative power.   Counsel for appellant has overlooked the essential fact that the charter authorizes the mayor and assembly "to make provision . . . . . . for the inspection of steam boilers and all steam heating apparatus, and to license engineers using steam boilers in said city." (4) The duties performed by this board are not legislative duties, but are in the nature of police functions which may be performed by persons who would not, perhaps, be any better qualified to discharge legislative duties than the ordinary legislator would be to discharge the duties devolved upon a board of this character. (5) The validity of these and similar statutes has been adjudged by the courts, and objections that they constitute a delegation of legislative power denied.   As to physicians, this court upheld the validity of the law, in the case of *State ex rel. v. Hathaway*, 115 Mo. 36. A similar conclusion was reached in *Eastman v. State*, 109 Ind. 278.   And as to dentists, in *Wilkins v. State*, 113 Ind. 514.   A like conclusion was reached in Arkansas, in *Richardson v. State*, 47 Ark. 562.  See, also, *Orr v. Meek*, 111 Ind. 40; *Dent v. West Virginia*, 129 U. S. 114; *St. Louis v. Knox*, 74 Mo. 79.

SHERWOOD, J.—The defendant was prosecuted in the police court.  Information, the following:

"STATE OF MISSOURI, ⎫ ss.
"City of St. Louis.  ⎰

"CITY OF ST. LOUIS, Mo., August 23, A. D. 1894.
"F. Meyrose Lamp Manufacturing Co., a cor-

poration under the laws of the State of Missouri, Ferdinance Meyrose, president,

"To the City of St. Louis, Dr.

"To one hundred dollars for the violation of an ordinance of said city entitled 'An Ordinance in revision of the Ordinances of the City of St. Louis, and to establish new ordinance provisions for the government of said city,' being Ordinance No. 15362, section 1623, approved November 20, 1889.

"In this, to wit: In the city of St. Louis and State of Missouri on the twelfth day of July, 1894, and on divers other days and times prior thereto, the said F. Meyrose Lamp Mfg. Co., a corporation, being the owners and users of a steam generating apparatus, did then and there, at premises No. 731 South 4th street, employ and cause to be employed a certain person as engineer to operate and control said steam generator, said person not having first obtained a permit from the boiler inspector or a license from the board of engineers so to do, contrary to the ordinance in such case made and provided. On information of J. J. Burke."

Being convicted, it appealed to the court of criminal correction, in which court when reached, it filed its motion to quash the information because:

"1. The ordinance upon which this proceeding depends contravenes the 14th amendment to the Constitution of the United States, in that it is not general and equal in its operation, and in that it grants substantially to two persons the arbitrary power to give or withhold their consent to carrying on a legitimate business in a legitimate manner.

"2. The body called the 'Board of Engineers' without warrant of law gives power to grant and revoke licenses to persons to operate steam engines and boilers. This is a delegation of power which the

charter has committed to the mayor and municipal assembly only, and can not be delegated to any other body.

"3. The use of a man's property is as much property as the thing itself, and the ordinance by depriving defendants thereof is inimical to section 30, of article 2, Constitution of Missouri, which forbids depriving one of his property without due process of law.

"4. The ordinance is unequal, oppressive, unreasonable, partial and discriminating, and is special legislation of the character forbidden by section 53, article 2, Constitution of Missouri.

"5. The ordinance is without power in the mayor and municipal assembly to enact, and is *ultra vires*, and for the foregoing reasons invalid."

The court denied the motion to quash, and defendant excepted. Thereupon plaintiff and defendant agreed to the following facts as constituting the evidence in the case.

"The violation of the ordinance set out in the information is admitted. It is further admitted that defendant made application for a license for its engineer, and the same was refused."

Thereupon the court found the defendant guilty, and assessed its punishment at a fine of $25. From such judgment defendant appeals to this court.

The contention made by defendant against the validity of the ordinance in question seems to resolve themselves into two points:

*First.* It is void because (as counsel puts it) it violates the following provisions of the Constitution of this State, viz.: Section 4, article 2: "That all persons have a natural right to life, liberty and the enjoyment of the gains of their own industry." Section 30, article 2: "That no person shall be deprived of life, liberty, or property without due process of law."

Section 53, article 4: "Forbidding the legislature to grant 'to any corporation, association or individual any special or exclusive right, privilege or immunity.'"

*Second.* The ordinance is also void because it authorizes the board of engineers to examine applicants for licenses as engineers and to pass upon their capacity, skill, experience and habits of sobriety, and hence is a delegation of legislative power, because the charter confers such power upon the mayor and assembly.

The mayor and assembly of the city of St. Louis are authorized by paragraph 6, of section 26, article 3, to pass an ordinance, "to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health, or the manufacture or vending of articles obnoxious to the health of the inhabitants," etc.

Paragraph 7, of section 26, of article 3, of the charter, authorizes the mayor and assembly by ordinance "to make provision . . . . . . . for the inspection of steam boilers and all steam heating apparatus, and to license engineers using steam boilers in said city," etc.

Paragraph 8, of section 26, of article 3, of the charter, authorizes the mayor and assembly, by ordinance, "to regulate and provide for the election or appointment of city officers required by this charter, or authorized by ordinance, and provide for their suspension and removal," etc.

Paragraph 14, of section 26, article 3, of the charter, gives this additional authority: "Finally, to pass all such ordinances, not inconsistent with the provisions of this charter, or the laws of the State, as may be expedient, in maintaining the peace, good government, health and welfare of the city," etc. Such paragraph is usually termed a general welfare clause.

Section 1648, *et seq.*, Revised Ordinances 1892, chapter 41, provides for the appointment of two persons, one of them a practical mechanical engineer, and one a manufacturer of engines, both of at least five years' experience in business, who, in connection with the other two, constitute a board of engineers. Provision is also made for the inspection of boilers, etc.

Section 1650, *Ib.*, provides for meetings of the board, a secretary, and records of the meetings to be kept, and for weekly meetings of the board to examine into the qualifications of applicants for engineers' licenses. A majority of the board constitutes a quorum. The secretary is required to keep a register of the names of all applicants, designating those found qualified and those not qualified. The ordinance then provides as follows: "Said board shall grant certificates of license for one year from date thereof, to all applicants who, upon examination, shall have the capacity, skill, experience, and habits of sobriety requisite to perform the duties of an engineer, and no person possessing such qualifications shall be refused a license."

Section 1652 allows owners of steam boilers of quite a small capacity used for heating only, to apply for a permit to employ a competent person, etc., not a licensed engineer, and if recommended by two citizens, etc., and if found competent by the inspector of boilers and elevators, the permit is required to be granted. This section then goes on to provide for the punishment of persons who violate the provisions aforesaid. So that it will be seen that abundant provision exists in the charter of the city for the enactment of the ordinance aforesaid.

And there is no delegation of legislative power, because the board of engineers is required to examine the applicants for licenses as engineers. It would be contrary to the above cited provisions of the charter

for the mayor and assembly to attempt to examine into the qualifications of applicants for the positions of licensed engineers. On the contrary thereof, the charter provides for the election or appointment of city officers authorized by charter or ordinance, and to such are deputed duties other than legislative.

Nothing is more common than for the proper men or boards to be appointed whose duty it is to examine applicants for licenses to various avocations or professions, and the fact that some degree of discretion is necessary in order properly to examine the qualifications of the applicants, and to discharge the duties of examiners, has never before been esteemed the delegation of *legislative* power. Such ordinances and examinations thereunder are in the nature of police functions. In *St. Louis v. Knox*, 74 Mo. 79, a similar ordinance was held valid, requiring application for a license for the *sale* of horses, etc., to be made through the board of police commissioners.

So, also, in *St. Louis v. Weitzel*, 130 Mo. 600, a similar ordinance was upheld which required that an applicant to the collector for license to haul garbage should first furnish to such collector a certificate of a certain character from the board of health.

Nor is it true that in the case at bar the granting or withholding of such license rests in the whim or caprice of the board of engineers, since the ordinance in express terms provides that "no person possessing such qualifications shall be refused a license." Even without such provision, if the board of engineers abused its discretion and refused, without reason to make the appointment, *mandamus* would lie to compel it to perform its duty. *St. Louis v. Weitzel, supra.*

Numerous instances occur in our statutes where physicians are required to be examined before being licensed. R. S. 1889, sec. 6871. Where lawyers must

be examined before obtaining license. Dentists, sec. 6889. Druggists, sec. 4614. Embalmers, Acts 1895, p. 174, sec. 6.

In relation to the licensing of dentists, this court recognized the validity of the statute. *State ex rel. Flickinger v. Fisher*, 119 Mo. 344.

With regard to doctors, this court has sustained the legal force and effect of the statute. *State v. Hathaway*, 115 Mo. 36.

We take judicial notice of the dangers incident to the operation of steam engines and boilers when in inexperienced and unlicensed hands, and have no doubt as to the power of the city to take such measures as have been taken to provide by ordinances for the public safety. Such ordinances as the aforesaid merely prescribe *regulations* for the orderly conduct of a very necessary, and if neglected, a very dangerous business in the large centers of population.

The objection taken, and properly taken, to the ordinance in *Radecke's* case, 49 Md. 217, where the engineer was "to be removed after six months' notice to that effect from the mayor," was that it did not prescribe *regulations*, nor profess to do so, but, as said by the court in that case, "committed it to the unrestrained will of a single public officer, the power to notify every person who then employed a steam engine in the prosecution of any business in the city of Baltimore, to cease to do so," and by providing compulsory fines for every day's disobedience of such notice and order of removal, rendered his power over the use of steam in that city practically absolute, so that he might prohibit it altogether." There is no such ordinance in this case; the rights of everyone entitled to a license as an engineer are fully protected and sedulously guarded.

We discover no constitutional question in this case, and judgment affirmed. All concur.