CHISM v. CITY OF TULSA.

No. 30610. Feb. 9, 1943.

Rehearing Denied April 27, 1943.

*136 P. 2d 409.*

John M. Goldesberry, of Tulsa, for plaintiff in error.

E. M. Gallaher, Thos. I. Munroe, and C. Lawrence Elder, all of Tulsa, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action to recover damages.

Plaintiff in error was plaintiff below, and the parties will be referred to as in the trial court.

A general demurrer to plaintiff's petition was overruled and defendant answered. Plaintiff then demurred generally and specially to the answer. This demurrer was overruled and plaintiff replied. The issues were tried to a jury, resulting in a verdict for defendant. Plaintiff then filed a motion for judgment notwithstanding the verdict. He set forth therein "That plaintiff is entitled to a judgment on the pleadings of the respective parties filed in this cause, and for the further reason that defendant's answer states no facts sufficient to constitute in law a defense to plaintiff's cause of action."

This motion was overruled. Plaintiff then filed his motion for new trial, setting forth numerous errors alleged to have occurred at the trial and error in overruling plaintiff's demurrer to defendant's answer. This motion was overruled, judgment was entered on the verdict, and plaintiff appeals.

In his petition in error plaintiff sets up, as his fourth specification, error in overruling the motion for judgment notwithstanding the verdict. In this action plaintiff seeks to recover damages from the defendant because of alleged wrongful revocation of a stationary steam engineer's license theretofore issued to him under an ordinance of said city, setting up a board of examining engineers, providing for examination by said board of applicants for license to operate steam pressure boilers, and prohibiting any person from operating steam pressure boilers within the city without first having obtained a license under said ordinance. With reference to the cancellation or revocation of licenses, the ordinance provides:

"The board of engineers' examiners shall have the power to cancel, upon

good cause being shown (which cause shall include gross carelessness in the operation of machinery, incompetence, intoxication while on duty or any other cause affecting general competency or qualification as an engineer), by written charges duly filed with the board, any certificate of authority granted under this ordinance, provided that the licensee has been given a written copy of said charges and at least three days' notice of the time and place where said charges will be heard, and is afforded ample opportunity to present his defense at a public place, either with or without counsel; . . ."

The petition then alleged revocation or cancellation of his license in violation of said provision in that no charge was filed against him setting forth reasons for the cancellation, and that no notice to him was given, and no opportunity to be heard, before the license was revoked. He then set forth loss of employment and consequent damages for which he seeks recovery.

Defendant's answer was a general denial; fraud in the procurement of the license, without specifying or setting forth acts constituting the alleged fraud. The answer then alleged:

"That in all actions of the board of engineers' examiners the said board acted solely and alone in a governmental capacity without malice, fraud, oppression, or abuse of discretion for and of itself, and the defendant, city of Tulsa, is not liable for the violation of its own ordinances, if any, which is specifically denied, or the actions of the board of engineers' examiners and that the action of the board of engineers' examiners was and is a governmental action of said board for which said city of Tulsa is not liable nor answerable in damages to the plaintiff herein. . . ."

There are numerous assignments of error, some of which might require reversal were it not for the fact that under our view of the record the controlling issue is whether, in the first instance, plaintiff's petition states a cause of action.

The fourth specification of error is that the court erred in overruling the motion for judgment notwithstanding the verdict. The motion was based solely upon the pleadings. By this specification of error plaintiff invokes the jurisdiction and power of this court to examine and pass upon the sufficiency of the pleadings. If the question of whether a cause of action is pleaded in the first instance is not always before the appellate court, the specification of error noted presents the question.

It is clear that a city ordinance regulating the operation of steam pressure boilers and prohibiting persons from operating such boilers without an examination, and a license from its constituted authority, are regulations for the public safety. City of St. Louis v. Meyrose Lamp Manufacturing Co., 139 Mo. 560, 41 S. W. 244.

These are matters coming within the police power of a city and are necessarily of a governmental nature.

There can be no recovery against a municipal corporation for injustice occasioned by its negligence or the negligence of its officers or agents in the exercise of functions governmental in nature. 38 Am. Juris. 261; City of St. Louis v. Meyrose Lamp Manufacturing Co., supra.

"Granting or refusing a municipal license is the exercise of governmental power and a municipality is not liable in damages for the wrongful issuance or refusal of a license, and this rule applies, it has been held, although the municipal corporation ratified the act; at least if the granting of a license is discretionary. Likewise, a municipality is not liable 'for losses consequent on it having misconstrued the extent of its powers in granting a license which it had not authority to grant,' with taking a bond which 'its own ordinance has been supposed to require, and which might protect those who transacted business with the person acting under the license.' So a municipality is not liable in damages for revoking a license, even where without any just cause, especially where the revocation is void." McQuillin on Municipal Corporations, vol. 6, § 2803.

Under these authorities, the petition of plaintiff wholly fails to state a cause of action and alleged subsequent errors at the trial become immaterial. It appears that from the acts complained of and under the provisions of the ordinance, the petition is not capable of amendment so as to state a cause of action.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.