EDWARD PETERS v. THE CITY OF LINDSBORG *et al.*

1. FALSE IMPRISONMENT — *Pleading — Complaint.* The petition in an action for false imprisonment, which sets forth that a city marshal unlawfully and without authority of law placed iron handcuffs upon plaintiff's wrists and took him to and confined him in the city prison, states a cause of action against the marshal.

2. MUNICIPAL CORPORATION — *Police Officers — Liability of City for its Acts.* Police officers of a city employed in the enforcement of its police regulations are not regarded as the agents of the city in its corporate capacity, and the city is not liable for their acts while so engaged.

3. ————— *Ratification by City.* Cities cannot ratify the unlawful acts of their police officers in enforcing police regulations, and thereby make themselves liable for such acts.

*Error from McPherson District Court.*

THE opinion states the case.  Judgment for the defendant
*City* and the marshal thereof, at the November term, 1885.
The plaintiff *Peters* brings the case here.

*Frank G. White,* for plaintiff in error.

*Simpson, Bowker & Travis,* for defendants in error.

Opinion by HOLT, C.: This is an action for damages for
false imprisonment.  The demurrer to plaintiff's petition was
sustained, and from that judgment the plaintiff comes to this
court as plaintiff in error.  The petition, which is a lengthy
one, states that the plaintiff was a resident of the city of
Lindsborg; that on the 9th day of June, 1884, while he was
quietly sitting in front of the Metropolitan hotel in said city
of Lindsborg, sober, quiet, and violating no law of the state
of Kansas or the city of Lindsborg, the defendant, Ole Amund-
son, in his official capacity as marshal, approached plaintiff in
a loud, rough, etc., manner, and without any authority of law
placed iron handcuffs upon plaintiff's wrists and fastened them
together, and took him to the city prison, where he was con-
fined, and afterward he was compelled to perform manual
labor upon the streets of said city.

We see no reason why the petition does not state a cause of
action against Ole Amundson, the marshal.  It alleges that
without any warrant or authority of law he arrested plaintiff
and submitted him to certain indignities, deprived him of his
liberty, and compelled him to perform manual labor upon the
streets.  We believe there are sufficient allegations to render
Amundson liable under the petition.

The principal question in this case, and the one upon which
the parties have devoted a great portion of their briefs, and
which evidently was the matter specially in the mind of the
trial court is, whether the city of Lindsborg is liable in this
action.  The eighth paragraph of the petition is as follows:

"Plaintiff further says that the defendant, the city of

Lindsborg, by its recognized city official, to wit, the mayor and councilmen thereof, in their official and corporate capacity rendered assistance, aid, comfort and support to defendant Amundson in his unlawful assault upon, and his scandalous conduct toward, this plaintiff; upheld and praised him, the said Amundson, in his actions; and the said city of Lindsborg in its corporate capacity did ratify the actions of the said city marshal in his office of city marshal, and by legally passing an order for the payment of an attorney for legal services rendered in the pretended legal proceeding instituted against this plaintiff, growing out of which were the false imprisonment, assault and battery, and inhuman and unlawful treatment herein related."

We believe the petition does not state a cause of action against the city. We cannot believe that it is within the power of a city to authorize its officers to perform an illegal act of the nature of the one complained of in this petition; and if the city has no power in the first place to authorize a police officer to commit such an unlawful act, it would have no power to ratify it after it had been performed. (*Calwell v. City of Boone*, 51 Iowa, 687.)

There is another reason which is of primary and vital importance, and controlling in this action : The police officers of a city are not regarded as the servants or agents of the city; their duties are of a public nature; their appointment is made by the city as a convenient mode of exercising a function of government; their duties are to preserve the good order and provide for the safety of the people of the city, and in these duties they act as the public servants of the state under the law, and not as mere agents of the city. Hence the relation of principal and agent cannot exist between the city and the police force in the matter complained of in plaintiff's petition. We think this rule cannot be seriously questioned. (*Calwell v. City of Boone*, supra; *Buttrick v. City of Lowell*, 83 Mass. 172; *Town of Odell v. Schroeder*, 58 Ill. 353; *Worley v. Town of Columbia*, 88 Mo. 106.)

Two authorities are cited by plaintiff as exceptions to this rule, and are earnestly pressed upon us for consideration.

One is *Hunt v. City of Boonville*, 65 Mo. 620. It appears from the opinion in that case the agent of the city took and carried away some stone unlawfully. The city had authority under its charter to purchase and use stone for the purpose of the corporation, and in the answer of the city it was claimed it had purchased the rock by its agent from another than plaintiff. The city was held liable for the value of the rock so taken. The other authority cited is *Brown v. City of Cape Girardeau*, 90 Mo. 377. From the petition it appears that prior to the commencement of the case reported the city had instituted a suit against plaintiffs to recover taxes it alleged to be due, but after vexatious delay dismissed it without prejudice and began another for the same taxes, which was also after delay dismissed. Afterward the defendants in the former actions, as plaintiffs, brought the action cited, for malicious prosecution, and it was held that a city might be liable for acts of its agents injurious to others when they were in their nature lawful but performed in an unlawful manner. These authorities cited, upon which the plaintiff relies, are not applicable in this action; there is a wide and fundamental difference in the facts. The plaintiff here complains that the city marshal of the city of Lindsborg unlawfully arrested and imprisoned him. In the cases cited the unlawful acts complained of were done by the agents of the city, not the officers appointed to preserve order and enforce police regulations. The supreme court of Missouri, from which the authorities cited come, has recently held that "police officers of a town employed in enforcing its police regulations are not regarded as officers of the town in its corporate capacity, and the town is not liable for acts done by them while so engaged." (*Worley v. Town of Columbia*, supra.)

For the error in sustaining the demurrer of Ole Amundson, we recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.