O. Q. CLAFLIN, JR., *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellee*.

No. 15,974.

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS—*Witness Fees—Equal Protection of the Laws—Uniform Operation.* Chapter 183 of the Laws of 1907, providing that certain public officers shall not be entitled to witness fees in certain cases, does not deprive the officers named of the equal protection of the laws and operates uniformly throughout the state.

Appeal from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed November 6, 1909. Affirmed.

*O. Q. Claflin, jr.*, and *J. H. Luscombe*, for the appellant.

*Joseph Taggart*, county attorney, and *Richard J. Higgins*, for the appellee; *Hale, Dean & Higgins*, of counsel.

The opinion of the court was delivered by

BURCH, J.: Certain officers of the city of Kansas City were witnesses for the state in sundry state cases tried in Wyandotte county. They assigned their claims for witness fees to the plaintiff, who, upon the refusal of the board of county commissioners to pay, brought an action to recover the sums claimed. Judgment was rendered in the district court against the plaintiff, and he appeals.

Section 3038 of the General Statutes of 1901 reads as follows:

"Witnesses shall receive the following fees: For attending before any court or grand jury, or before any judge, referee or commission, per day, one dollar and fifty cents; for attending before any justice of the peace, seventy-five cents."

The claim in suit arose subsequent to the enactment

of chapter 183 of the Laws of 1907, which reads as follows:

"SECTION 1. No person holding any office or appointment under any county, city or other municipality shall be paid any witness fees in any case whatsoever, when such person is a witness for the state of Kansas, county, city or other municipality, when such state, county, city or other municipality is a party to said suit; nor shall any sheriff or his undersheriff or deputies or any constable, while attending court as an officer, claim or be paid any witness fees in such cases; provided, that this act shall not apply where such witness is required to attend court at a place other than where he resides or is employed."

It is argued that this statute violates the federal constitution because it deprives the officers referred to of the equal protection of the laws, and violates the state constitution because it is not of uniform operation throughout the state.

The statute should be regarded as one affecting the compensation of public officers rather than as one relating to witness fees. The legislature may give or withhold compensation to a class of public officers in any measure it sees fit, without violating any constitutional principle of equality, and a person accepting an office must take it with all its limitations. In this instance the legislature merely cut off pay for time consumed by the officers referred to in attending court as witnesses, believing that sufficient recompense was already made by way of official salary or fees. By taking one of the designated offices a person assents to this condition and relinquishes all right to fees as a witness for the state or the municipality of which he is an officer. If the condition is not to his liking he is at liberty to decline the office. Beyond this, however, the discrimination made by the statute between state officers and other public officers as witnesses is not arbitrary, or capricious, or unreasonable, but is based upon a substantial and practical difference in the situation, duties and relations of the two classes recognized.

It is a well-understood doctrine of constitutional law that under such circumstances classification and consequent difference in regulation are proper. The law operates uniformly upon all officers of the established class throughout the state, and hence it is not obnoxious to the state constitution.

The judgment of the district court is affirmed.