CITY OF LAWTON *et al.* v. HARKINS.

No. 1549.　Opinion Filed September 12, 1912.

(126 Pac. 727.)

1.　MUNICIPAL CORPORATIONS—Torts—Acts of Officers. The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is therefore not liable for the acts of its officers in attempting to enforce such regulations, and, further, because police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government; but this does not render the cities and towns liable for their assaults, trespasses, or negligent acts.

2.　FALSE IMPRISONMENT—Officers—Policemen—Liabilities. Policemen, as such, were unknown to the common law. They are creatures of statute, and can exercise only such power and authority as has been granted by legislative enactment; yet, the office being authorized by statute, the policeman is a conservator of the peace, and has the right to arrest violators of the laws, ordinances, and police regulations, without warrant, as provided

by statute; but he is not exempt from civil liability when he acts in a wrongful, oppressive, and illegal manner, and the general doctrines of the law touching personal liability for torts apply to policemen.

(Syllabus by Robertson, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by James G. Harkins against the City of Lawton and John Lantznester. From a judgment for plaintiff for $500, defendants bring error. Dismissed as to the City of Lawton. Reversed, and remanded for new trial as to John Lantznester.

*Chas. C. Black,* City Atty., for plaintiffs in error.

*W. E. Earl,* for defendant in error.

Opinion by ROBERTSON, C. The defendant in error, James G. Harkins, filed his petition in the district court of Comanche county on September 30, 1907, and, among other things, charged that John Lantznester, one of the plaintiffs in error, was on August 6, 1907, a police officer of the city of Lawton, charged with the duties, as such, to "enforce the laws and ordinances of such city and keep the peace, arrest all violators of the laws and ordinances of the city, and the disturbers of the peace of said city, and bring them before the police judge and file complaint against the wrongdoers." (Record, p. 12.) The petition further charges that, while Harkins was peacefully peddling the products of his farm to the merchants of said city, he was arrested by John Lantznester, one of the plaintiffs in error, and imprisoned for two hours unlawfully, maliciously, and without warrant or complaint, to his damage in the sum of $5,000. The defendants both answered by general denial, and the cause was tried to a jury on March 29, 1909, and resulted in a verdict in the sum of $500 in favor of plaintiff and against both defendants.

At the close of plaintiff's testimony, the defendants each demurred thereto, for that the testimony offered was wholly insufficient to constitute any cause of action against the said defendants. These demurrers were overruled, and plaintiffs in error assign this ruling of the court as error.

Two questions are presented by this record for our consideration under the foregoing assignment of error, viz.: Was the city of Lawton liable in damages for the arrest and imprisonment of Harkins under the facts in this case? And, second, was Lantznester, the policeman, liable in damages to Harkins for such arrest and imprisonment under the same facts?

The answer to the first question undoubtedly must be that a municipality, such as plaintiff in error, is not liable for the acts of its officers in attempting to enforce its police regulations, for such regulations are not made and enforced in the interest of the city, as such, but in the interest of the public generally; and this is true, even though the ordinance or regulation under which the act complained of is performed is void. 5 Dill. Munic. Corp. sec. 1656, and the many cases there cited.

The allegations of the petition are to the effect that the city, after the arrest of Harkins, through the acts of its mayor and chief of police, ratified the acts of Lantznester, its policeman, in making the arrest; and that therefore it is liable for such arrest and imprisonment. Conceding, for the sake of argument, that the arrest by Lantznester was wrongful and illegal, that fact would not render the city liable in damages, for it is not within the power of a municipality, such as the city of Lawton, to ratify any such act, or to authorize the performance of same; and, as has been well said, if the city had no power to authorize Lantznester to commit such an act as is complained of in this case, it certainly would have no power to ratify the same after it had been performed. *Peters v. Lindsborg,* 40 Kan. 656, 20 Pac. 490; *Calwell v. City of Boone,* 51 Iowa, 687, 2 N. W. 614, 33 Am. Rep. 154. In 28 Cyc. 1299, it is said:

"When, by the action of the state, a municipal corporation is charged with the preservation of the peace, and empowered to appoint police boards and other agencies to that end, the corporation *pro tanto* is charged with governmental functions in the public interest and for public purposes, and in the exercise of its powers and duties in respect of the enactment and enforcement of police regulations it is entitled to the same immunity as the sovereign granting the power unless such liability is expressly declared by the sovereign. The police regulations of a city are not made and enforced in the interest of the city in its corporate ca-

pacity, but in the interest of the public. A city is not liable therefore for the acts of its officers in attempting to enforce such regulations, and further because police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government, but this does not render the cities and towns liable for their assaults, trespasses, or negligent acts."

In the case at bar, it is conceded that Lantznester was a regularly appointed, qualified, and acting policeman under and by virtue of the provisions of the statutes of the state, and was not a special officer employed by the municipality in its corporate character, or in the performance of a corporate duty; and, this being true, the rule is well established that the municipality will not be liable for his assaults, trespasses, or other acts of negligence. 28 Cyc. 1300, and cases cited there.

In *Stewart v. New Orleans,* 9 La. Ann. 461, 61 Am. Dec. 218, the following rule is laid down:

"A distinction is drawn between the liability of a municipal corporation for acts of its officers in the exercise of powers which it possesses for public purposes, and which it holds as part of the government of the country, and those which are conferred upon it for private purposes. Within the sphere of the former, it enjoys the exemption of government from responsibility for its own acts and the acts of its officers deriving their authority from the sovereign power; whereas in the latter it is answerable for the acts of those who are in law its agents."

In *Woodhull v. New York,* 150 N. Y. 450, 44 N. E. 1038, it is said:

"That if the corporation appoints or elects the officers, and controls them in the discharge of their duties, if it continues or removes them, or holds them responsible for the manner in which they discharge their duties, and if their duties relate to the exercise of corporate powers, and are for the peculiar benefit of the corporation in its local or special interest, they must be regarded as its agents or servants, and the maxim *respondeat superior* applies. If such officers are elected or appointed by the corporation in obedience to a statute to perform a public service, not local or corporate, but because this mode of selection has been deemed expedient by the Legislature in the distribution of the powers of government, they are not to be regarded as servants of the corporation, but as public or state officers, with such pow-

ers and duties as the statute confers upon them, and the doctrine of *respondeat superior* does not apply."

In *Blake v. Pontiac*, 49 Ill. App. 543, a case of illegal arrest and imprisonment, it is said:

"Where a municipal body is simply exercising its police powers, any acts of its officers or agents, including the board of trustees or aldermen, in violation of and against the terms and spirit of the statute while acting as a legislative body, or as agents and officers executing the ordinance, are *ultra vires* and in excess of the power of the city; and for the acts of such officers, whereby damage occurs to any citizen, there is no remedy against the corporation."

It may be stated as a general rule, well established and abundantly supported by authorities, that a city is not liable for arrests, such as the one complained of in the case at bar, made by police officers, and which are illegal for want of a warrant, or for unlawful acts of violence in the exercise of his official duties, in the absence of a statute expressly creating such liability. *Royce v. Salt Lake City*, 15 Utah, 401, 49 Pac. 290; *Calwell v. Boone, supra; Odell, Trustee, v. Schroeder*, 58 Ill. 353; *Curran v. Boston*, 151 Mass. 505, 24 N. E. 781, 8 L. R. A. 243, 21 Am. St. Rep. 465; *Peters v. Lindsborg, supra; Culver v. Streator*, 130 Ill. 238, 22 N. E. 810, 6 L. R. A. 270; *Pollock v. Louisville*, 13 Bush (Ky.) 221, 26 Am. Rep. 260; *Cook v. Macon*, 54 Ga. 468; *Harris v. Atlanta*, 62 Ga. 290; *Dargan v. Mobile*, 31 Ala. 469, 70 Am. Dec. 505; *Trammell v. Russellville*, 34 Ark. 105, 36 Am. Rep. 1; *Elliott v. Philadelphia*, 75 Pa. 347, 15 Am. Rep. 591; *Buttrick v. Lowell*, 1 Allen (Mass.) 172, 79 Am. Dec. 721; *Worley v. Columbia*, 88 Mo. 106; *Kansas City v. Lemen*, 57 Fed. 905, 6 C. C. A. 627.

The rule is also laid down in volume 20, Am. & Eng. Ency. of Law (2d Ed.), at page 1204, as follows:

"Although appointed by municipal authorities or elected by the electors thereof, police officers and members of the force are generally regarded as public or state officers, for whose malfeasance, misfeasance, or nonfeasance in office the city is not responsible."

See, also, in support of this doctrine, the cases there cited in support of the above text.

In view of the foregoing, it is evident that the trial court erred in overruling the city's demurrer to plaintiff's evidence. The demurrer should have been sustained, and a judgment in favor of the city for its costs should have been entered.

The other question raised by the record in this case presents greater difficulty. Policemen, as such, were unknown to the common law. They are creatures of statute, and consequently can exercise only such power and authority as has been granted by legislative enactment; and, further, they are in fact state officers rather than city officers; yet, the office being authorized and created by statute, the officer filling it is a conservator of the peace, and has the undoubted right to arrest violators of the laws and ordinances and police regulations, without warrant, in the classes of cases provided by statute; but he is not exempt from civil liability when he acts in a wrongful, oppressive, and illegal manner, and the general doctrines of the law touching personal liability for torts apply to policemen. 28 Cyc. 502.

Hence it seems that, while the city is exempt by law from liability for damages in this case, Lantznester, the policeman, is not, unless he kept within the law. That was the question submitted to the jury. The petition charges that the arrest was made without a warrant, and at a time when plaintiff had not violated any law of the state, or ordinance of the city, or police regulation; that he was not obstructing the streets of the city; that he was conducting himself in a peaceable and inoffensive manner, engaged in the sale of his farm products, when the policeman, without just cause, and with profane and opprobrious language, insulted him and arrested him in a violent and forcible manner and placed him in the city jail, without filing any complaint or charge against him, and kept him in jail several hours, when he was released without a hearing; that the arrest was malicious, and done with intent to wrong, injure, and humiliate plaintiff, etc.

To the charges contained in this petition, Lanznester answered by a general denial; and much evidence was offered by the plaintiff in support of the allegations contained in the petition, as well as the answer thereto by Lanznester.

The learned trial judge, in his instructions, covered the issues involved on the theory that both defendants might be liable. As has been seen, the city was not liable under the facts of this case, yet Lantznester might be. The instructions thus given were therefore necessarily prejudicial to Lantznester, for that the jury, knowing that both were defendants, and by their joint verdict in the case, evidently did not intend that Lantznester should be held responsible for the full amount of the verdict; indeed, it is patent that the intent of the jury was that the plaintiff have a judgment for $500, and that such judgment should be entered against both defendants. No attempt was made to say what proportion of said judgment each defendant should pay; nor, under the instructions given, would it have been proper for the jury to determine that question. However, in simple justice to Lantznester, it is only fair to presume that the jury, in fixing the amount of recovery in this case, did so with the understanding that the city would be liable for at least half of the amount. Leastwise that issue and that phase of the case was not clearly presented to the jury by the instructions of the court; and, since it has been determined that the city is not liable, it follows that Lantznester, in all fairness, should be given another trial, in order that the jury may consider his liability, if any, with the knowledge that the city was not liable, and that a joint judgment therefore could not be rendered in this case.

It therefore follows that the judgment of the district court of Comanche county should be reversed, and the cause dismissed as to the city of Lawton, and as to the other defendant, John Lantznester, the judgment should be reversed and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.