No. 18,573.

J. W. ANDERSON, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee*.

### SYLLABUS BY THE COURT.

POLICE OFFICER OF CITY—*Not Entitled to Witness Fees in State Cases.* Under section 3674 of the General Statutes of 1909, a salaried police officer of a city is not entitled to fees as a witness for the state in an action to which the state is a party.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 10, 1914. Affirmed.

*Arthur J. Bolinger*, of Topeka, for the appellant.

*W. E. Atchison*, county attorney, and *Ernest R. Simon*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, a salaried police officer of the city of Topeka, sued for fees as a witness in a criminal case prosecuted by the state. He was defeated and appeals.

Section 1 of chapter 183 of the Laws of 1907 reads as follows:

"No person holding any office or appointment under any county, city or other municipality shall be paid any witness fees in any case whatsoever when such person is a witness for the state of Kansas, county, city or other municipality when such state, county, city or other municipality is a party to said suit; nor shall any sheriff or his under-sheriff or deputies, or any constable, while attending court as an officer, claim or be paid any witness fees in such cases; provided, that this act shall not apply where such witness is required to attend court at a place other than where he resides or is employed." (Gen. Stat. 1909, § 3674.)

The contention is that the statute is unconstitutional and that a city official is denied witness fees in those cases only to which the city is a party.

The constitutionality of the statute was affirmed in the case of *Claflin v. Wyandotte County*, 81 Kan. 57, 105 Pac. 19. In the same case it was held that the statute is one affecting the compensation of public officers and not one relating to witness fees, the legislative purpose being to cut off pay for attending court when recompense for the time consumed is made by way of official salary or fees. The statute governs in all cases to which the reason for its enactment extends. It is peculiarly applicable to police officers who may be called as witnesses in state cases. Although such officers are chosen by local municipal authority, the performance of their duties is not a matter of local concern only. They are not mere servants and agents of the city, but are appointed and act for the benefit of the public at large. They are essentially state functionaries. (*The State, ex rel., v. Hunter*, 38 Kan. 578, 583, 17 Pac. 177; *Peters v. City of Lindsborg*, 40 Kan. 654, 656, 20 Pac. 490; 1 Dillon, Municipal Corporations, 5th ed., § 103.)

The plaintiff's salary as a police officer fully compensated him for that portion of his time occupied in attending court as a witness for the state.

The judgment of the district court is affirmed.