AGNES PARSONS and NATHAN PARSONS, Respondents, v. THE CITY OF NEW YORK, Appellant.—Action by Agnes Parsons to recover damages for personal injuries sustained in a collision between automobiles, the collision having occurred, as alleged, through defendant's negligence in maintaining defective traffic signals which showed a green light in four different directions simultaneously. Action also by her husband to recover for medical expenses and loss of services. Judgment in favor of plaintiffs reversed on the law, with costs, and complaint dismissed, with costs. Under section 315 of the Greater New York Charter it is the mandatory duty of the police to regulate traffic. Signal lights are an incidental part of traffic regulation. The allegation of the complaint, admitted by failure to deny in the answer, that the city maintained the light involved in this action necessarily means maintained through the police. Regulation of traffic, and, therefore, the proper maintenance of signal lights used in that connection, is the performance of a governmental duty for neglect of the police in the exercise of which the city is not liable. This is quite different from the duty involved in the maintenance of city highways, which is the performance of a proprietary duty. (*Auslander* v. *St. Louis*, 332 Mo. 145; 56 S. W. [2d] 778; *Dorminey* v. *City of Montgomery*, [Ala.] 166 So. 689; *Cleveland* v. *Town of Lancaster*, 239 App. Div. 263.) Lazansky, P. J., Johnston and Adel, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm. The complaint alleges that the traffic signal light in question was maintained by the defendant, The City of New York. This allegation is not denied by the answer. There is no claim that the light was operated or controlled as a police function or pursuant to an ordinance requiring such light. The city was not required to install or maintain the signal light. It was installed and operated by the city for the safety of those using the streets. Having installed it, the city was under a duty to maintain it properly, and we think that for failure to do so it should be held responsible. We can see no reasonable distinction between danger arising from improper use of a signal light hanging above the surface of the street, inviting users -

of the street into a dangerous position, and a condition arising from a dangerous condition in the street itself.