GARLAND P. VICKERS, PLAINTIFF-APPELLANT, v. THE CITY OF CAMDEN, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

BRUCE A. WALLACE, ADMINISTRATOR AD PROSEQUENDUM AND GENERAL ADMINISTRATOR OF THE ESTATE OF DAVIS L. LOVE, DECEASED, PLAINTIFF-APPELLANT, v. THE CITY OF CAMDEN, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Argued October 20, 1938—Decided January 13, 1939.

For the plaintiffs-appellants, *Albert S. Woodruff*.

For the defendant-respondent, *Firmin Michel* (*William J. Shepp*, of counsel).

The opinion of the court was delivered by

PORTER, J. These two cases are here on appeal from the Supreme Court, Camden Circuit, where they were tried together for convenience, both arising out of the same occurrence.

The actions were to recover damages from the city of Camden, arising out of an automobile collision in which two young men were seriously injured and burned. One of them, Davis L. Love, died within a few days as a result of his hurts and his administrator *ad prosequendum* and general administrator of his estate is the plaintiff in the one suit and Garland P. Vickers, who was seriously and permanently injured, is the plaintiff in the other suit. Both these men were riding in an automobile truck which was in collision with another automobile at the intersection of New Jersey State Highway Route 25, on which their automobile was traveling, and Federal street, on which the other automobile was traveling.

This intersection is partly in the city of Camden and partly in the township of Pennsauken, the dividing line between the two municipalities running through the center of Federal street.

Automatic traffic signal lights were maintained at this intersection on each of the four corners at the joint expense of

the two municipalities. At the time of the collision they were out of order and the lights showed green for both highways at the same time so that the indication was a right of way for both drivers. Both continued on their courses and the collision resulted. By arrangement between the municipalities, for convenience, Camden undertook the care and control of the signals. The lights had not been operating properly for several days before the accident and notice of that fact had been given to Camden.

At the close of the plaintiff's case a motion for a nonsuit was granted by Judge Palmer, the trial judge.

The propriety of that ruling is the sole ground of appeal.

Municipalities are not responsible for negligence except it be the result of active wrongdoing or when in the performance of other than governmental functions. The question presented for determination is whether the neglect or omission to have these lights repaired, so that they worked properly, was an act of active wrongdoing.

We conclude that it was not, but was rather an act of negligence. There is no testimony that the lights were improperly constructed. On the contrary, they had been operating properly for a number of years. They simply became out of order and the negligence or wrongful act was the failure to have them repaired. For this there can be no recovery, it not being active wrongdoing.

Moreover, it is a governmental function to regulate traffic on our highways and to erect signal lights for that purpose. The statute specifically permits municipalities to construct and operate traffic lights for the safety and convenience of the public. *Pamph. L.* 1928, *ch.* 191, *p.* 362. We think that in principle the location of the lights in two municipalities and joint operation or direction of control by but one for both makes no difference concerning liability. Operation of lights being a governmental function, in the absence of active wrongdoing, as here, there can be no recovery.

It is argued by the appellants that there was no obligation on the part of Camden to install this traffic light system and that by undertaking it, it in effect was engaged upon a private business enterprise in which the law cast upon it the same

duties and obligations as upon individuals or private corporations. *Allas* v. *Rumson,* 115 *N. J. L.* 593, is relied on. That case is not in point, there the active wrongdoing consisted of faulty construction of the passageway.

There seems to be no case in this state where the facts are similar to the instant case, but respondent cites several cases from other jurisdictions. *Auslander* v. *City of St. Louis,* 56 *S. W. Rep.* (*2d Series*) 778, was a case of signal lights out of repair and it was held that maintenance of same was a governmental function and the municipality was not liable for negligent failure to correct defective signals. *Parsons* v. *City of New York,* 289 *N. Y. Supp.* 198, held that the maintenance of traffic signals was a governmental duty and the city was not liable for injuries resulting from maintenance of defective signals "which showed a green light in four different directions simultaneously."

A case in which the facts are very similar to the instant case is *Cleveland* v. *Town of Lancaster,* 267 *N. Y. Supp.* 673. It holds that where two towns erect a traffic signal and one maintains the same, the cost being divided, neither is liable for injuries caused by collisions at the intersection where the lights failed to function properly, holding that they were exercising governmental functions and not for any private benefit of the corporate body.

The principle that municipalities are exempt from liability in the performance of governmental functions free from active wrongdoing is not disputed by the appellants. They rely on the contention that there was active wrongdoing under the testimony in the case.

With that we are not in accord.

The judgment of nonsuit was right and is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.