## BAKER v. CITY OF WACO.

### No. 2039.

Court of Civil Appeals of Texas. Waco.

May 11, 1939.

Rehearing Denied June 8, 1939.

Orville Jobe and F. L. C. Greer, both of Waco, for appellant.

Allan D. Sanford, City Atty., and Geo. W. Morrow, N. B. Brown and Mabel Grey Howell, Assts. City Atty., all of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, Emma E. Baker, against appellee, City of Waco, to recover damages for the death of her husband, John W. Baker, in a traffic accident at the intersection of North Fifth and Washington streets in said city.

Appellant alleged, in substance, that appellee was a city of approximately 60,000 inhabitants; that its governing body was a board of commissioners; that said commissioners, in their official capacity, had and exercised exclusive control over the public streets of said city; that it was their duty to control and regulate the use of the same; that in pursuance of said duty, said city installed and equipped in the business section a system of traffic lights; that such lights were in boxes suspended approximately 35 feet above the center of the street intersection; that such lights flashed red, yellow and green in succession, causing traffic on one street to stop and permitting traffic on the other to

pass; that said system was turned on at 8 o'clock A. M., and turned off at 10 o'clock P. M.; that said signal system was equipped with a switch which enabled the operator to cause the bell to ring and the yellow light to appear to warn the traveling public not to cross an intersection when such signals were given. Appellant further alleged, in substance, that it had been the custom of appellee continuously since the installation of said signal system to turn on said yellow or caution light and to cause the bell to ring at any and all times, day or night, when the streets upon which such signals were installed were unsafe for use by the traveling public, and more particularly when "fire trucks, ambulances, etc." were using the same; that such system was under the supervision and control of the city electrician and that direct telephone connection by private line between the operator thereof and police headquarters was continuously maintained. Appellant further alleged that North Fifth and Washington streets were both extensively used by the traveling public and that a signal light was installed at the intersection thereof; that the installation and operation of said signal light as aforesaid constituted a nuisance, in that it gave the traveling public a right to rely thereon to warn them when said streets were unsafe for travel; that appellant's husband, J. W. Baker, about 11:45 P. M., after the general operation of said signal system had been discontinued for the night, was traveling south on North Fifth street; that relying on appellee's custom and duty to warn him if it was unsafe to cross at said intersection, he entered the same and was struck therein by a car traveling west on Washington street; that said car was being operated by a member of appellee's police department on an emergency call at an excessive and dangerous rate of speed; that as a result of said collision, her said husband received injuries which caused his death.

Appellant alleged that appellee was guilty of negligence in failing to keep its signal system in proper working order, and in failing to cause its employees to turn on the yellow or caution light and to ring the bell to warn the deceased that said streets were not safe for travel at the time he was struck and injured. Appellant further alleged that by the continuous operation of said signals in the past, appellee had caused deceased to rely on the operation of the same for the purpose of

warning him of danger at the time of the accident, and that the failure to give such warning at that time was negligence.

Appropriate allegations of damage were made but a recital of the same is unnecessary.

Appellee presented a general demurrer to appellant's petition and the court sustained the same and dismissed the case.

■ Appellant presents propositions in which she contends that the installation, maintenance and operation of said traffic signal was a nuisance, and that appellee was liable in damages for injuries resulting therefrom. Appellant, in presenting said propositions, expressly recognizes that the right, power and authority to establish and operate automatic traffic signals and the right to establish, maintain and operate a police department are governmental functions, and that cities, in exercising such powers, are not ordinarily liable in damages for negligence in such operations. The authorities do, as conceded by appellant, exempt cities from liability for negligence in the maintenance and operation of a system of traffic signals. Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W. 2d 778, and authorities there cited, discussed and distinguished; Powell v. City of Nashville, 167 Tenn. 334, 69 S.W.2d 894, 92 A.L.R. 1493; Parsons v. City of New York, 248 App.Div. 825, 289 N.Y.S. 198, par. 2; Vickers v. City of Camden, 122 N.J.L. 14, 3 A.2d 613, par. 2. Such exemption also extends to the exercise of other governmental functions through its police force, fire department or other agency. Tompkins v. Williams, Tex.Com. App., 62 S.W.2d 70; City of Desdemona v. Wilhite, Tex.Civ.App., 297 S.W. 874, par. 1; Stinnett v. City of Sherman, 43 S.W. 847, par. 1; Connally v. City of Waco, Tex.Civ.App., 53 S.W.2d 313, pars. 1 and 2, writ refused; Barnes v. City of Waco, Tex.Civ.App., 262 S.W. 1081, pars. 1 and 2.

■ Appellant, however, contends that the prior customary operation of said signal system gave her deceased husband a right to rely on the continuance of such operation, and that the failure to flash a danger signal at and immediately preceding the accident rendered said street intersection, for the instant, unsafe for travel and thereby created a nuisance and that appellee should be required to respond in damages for injuries resulting therefrom. While, under the authorities above cited,

control of traffic along, over and across the streets of a city is a governmental function, the keeping of such streets free from dangerous obstructions and in a reasonably safe condition for travel is a corporate or proprietary duty. When a city attempts to exercise its governmental functions in controlling traffic on a street and in such attempt uses means which constitute a dangerous physical obstruction thereon or therein, it has been held that it has committed an affirmative wrong and that an action for damages for injuries resulting therefrom may be maintained. Murphy v. Incorporated Village of Farmingdale, 252 App.Div. 327, 299 N.Y.S. 586, 589, pars. 5 to 7, inclusive; Mayor & Aldermen of City of Vicksburg v. Harralson, 136 Miss. 872, 101 So. 713, par. 1; Town of Hobart v. Casbon, 81 Ind.App. 24, 142 N.E. 138, par. 9. Said cases are cited and relied on by appellant. No such situation is shown by appellant's allegations in this case.

Appellant concedes that the operation of the automatic signals had ceased for the night and makes no complaint of such cessation. Any duty to flash the danger signal must necessarily have been predicated upon some information to the operator indicating that such action was necessary. The only specific allegation in appellant's petition tending to show that the operator of the signal system could have known that the policeman operating the car involved in the collision had left police headquarters to go to any other part of the city was that he should have been informed by telephone of such action by the police department. Apparently, therefore, under such averment, the alleged negligence of the police department in failing to give the operator of the signal system notice by telephone that one of its members was about to operate a car along and over some of its streets and through some of the intersections thereof to answer a call, was the only negligence which could have proximately caused or contributed to cause the accident in which her husband was fatally injured. Failure to give such notice, if negligence, was the negligence of a member of appellee's police force in the discharge of his regular functions as such, for which negligence appellee, under the authorities hereinbefore cited, can not be held liable in damages.

The judgment of the trial court is affirmed.