ASHBURN v. OKLAHOMA CITY.

No. 30791. Feb. 2, 1943.

*134 P. 2d 365.*

Thad L. Klutts and Rollie D. Thedford, both of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Warren W. Connor, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error.

BAYLESS, J. Walter R. Ashburn, plaintiff below, appeals from the judgment of the district court of Oklahoma county sustaining the demurrer of the city of Oklahoma City, a municipal corporation, to his evidence.

Plaintiff was employed by the city in its municipal garbage department.

On July 2, 1936, he sustained an injury in the nature of a strain to his back occasioned by the lifting of a heavy garbage can as a part of his duties as a helper.

Plaintiff first filed a claim before the State Industrial Commission, and on appeal it was held that the city was not within purview of the Workman's Compensation Law with respect to its employees engaged in the collection of garbage for the reason that such duty on the part of the city was a governmental function. Oklahoma City v. State Industrial Commission, 182 Okla. 621, 79 P. 2d 575.

The only issue before us on this appeal is one of law concerning the sufficiency of the plaintiff's evidence to establish a legal cause of action against the city. In this respect, we consider the prior decision of the court concerning the nature of the function engaged in by the city as being conclusive upon the parties to this appeal and decisive unless we are able to say that the plaintiff's contention that the city was guilty of negligence within the rule announced in Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80; Oklahoma City v. Haggard, 170 Okla. 473, 41 P. 2d 109, and City of Muskogee v. Magee, 177 Okla. 39, 57 P. 2d 252, is sustainable.

The rule announced in these decisions, which the plaintiff wishes to have applied here, is to the effect that when a city maintains and operates a garage and repair shop for the purpose of repairing motor vehicles used in connection with its governmental functions it is, nevertheless, insofar as the repair and maintenance of its motor vehicles in said garage is concerned, acting in a corporate or ministerial capacity or function.

Based upon this rule plaintiff urges that the city was guilty of negligence with respect to him and his duties in this, to wit: That, although it owns and maintains a garage and repair shop for the maintenance and repair of its motor vehicles, including the garbage truck whereon he worked, it maintained said garbage truck in an unsafe state insofar as the performance of his duties was concerned by failing to buy said truck equipped with a hoist for handling the heavy garbage cans; and by failing to alter the same by installing such a hoist after the truck had been purchased and the city became aware or ought to have become aware of the fact that the truck without the hoist was an unsafe and unsatisfactory tool or instrumentality to furnish the plaintiff to be used by him in the performance of his duties. Plaintiff likewise asserts that it was customary to have three men for a crew on these garbage trucks, and on the day in question one of the crew members was forced to quit because of illness, and upon complaint by the plaintiff to his foreman for the need of another man, the foreman directed him to proceed with his work and promised to send another man to aid, but did not keep his promise.

With respect to the issue about the equipping of the garbage truck with a hoist, the plaintiff does not show that this truck was ever in the garage or repair shop of the city for the purpose of being so equipped. In the final analysis the plaintiff's contention resolves itself into this: It was an act of negligence for the city to buy such a truck not equipped with a hoist and was an act of negligence for the city to use the truck thereafter without equipping it with a hoist. In our opinion this relates wholly to an issue of discretion by the city as to the type of equipment it chooses to use in the performance of its governmental duty to collect and dispose of garbage. Insofar as any acts of negligence are committed by the city in this respect, the plaintiff has no cause of action.

Passing to a discussion of the plaintiff's evidence of the failure of the city to furnish an employee to replace the one who become ill, it is apparent that this again involves an alleged act of negligence touching upon the performance of a governmental function with respect to which the city may not be held liable for damages.

The judgment of the trial court sustaining the demurrer to the plaintiff's evidence is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.