GRIMES v. CITY OF HENRYETTA et al.

No. 35458.　March 17, 1953.

*254 P. 2d 980.*

Farmer & Kerr, Oklahoma City, for plaintiff in error.

F. C. Helm, Henryetta, for defendants in error.

WILLIAMS, J.　Parties are referred to herein as in the trial court.

On June 13, 1951, plaintiff, Lucille Grimes, was arrested in the city of Henryetta, Oklahoma, and taken to the city jail, where she was later allegedly charged in the police court of said city with driving an automobile while intoxicated and resisting arrest. She was in jail until about 5:30 p.m. June 14, 1951, at which time she was released.

On August 11, 1951, she filed suit against the city of Henryetta and three police officers of said city, alleging brutal treatment in the arrest by the officers, and further alleging that said

officers took charge of her automobile and personal belongings, including $400 in cash, and that when her property was returned to her at her release, a large part of the cash was not returned.

Defendant city of Henryetta demurred to the petition; the demurrer was sustained; plaintiff elected to stand on her petition and has appealed to this court from the order sustaining the demurrer, and dismissing the cause as to defendant city.

In City of Lawton v. Harkins, 34 Okla. 545, 126 P. 727, this court said:

"The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is therefore not liable for the acts of its officers in attempting to enforce such regulations, and further because police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government; but this does not render the cities and towns liable for their assaults, trespasses, or negligent acts."

To the same effect are the holdings of this court in Cummings v. Lobsitz, 42 Okla. 704, 142 P. 993, and Silva v. City Council of City of McAlester, 46 Okla. 150, 148 P. 150.

The question of the liability of a municipal corporation for the wrongful acts of its police officers is fully discussed in Savage v. City of Tulsa, 174 Okla. 416, 50 P. 2d 712. Therein the court said (Syllabus 1):

"A city has two classes of powers: The one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality. In this state and in most others, distinction is made between the liability of a municipal corporation for the acts of its officers in the exercise of powers of a governmental nature, which it possesses for public purposes, which it holds in the exercise of its sovereignty and governs its people, and those acts of its officers in the exercise of powers, proprietary in their nature, and which are exercised not for the purpose of governing its people but for the private advantage of the municipality and its inhabitants, of the former the city is not liable, of the latter it is liable."

Plaintiff herein has pointed out no case in which the above holdings of this court have been overruled or reversed, and we are unable to find such.

Plaintiff further argues that in this case, if the police officers are unable to respond in damages, an inequity will result. If such is the case, plaintiff's remedy lies with the Legislature, not the judiciary.

The order sustaining the demurrer and judgment dismissing cause as to city of Henryetta is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.