CITY OF ARDMORE, Oklahoma, and Don Franklin Wallace, Plaintiffs in Error,

v.

Sylvia HENDRIX, Defendant in Error.

No. 38468.

Supreme Court of Oklahoma.

Jan. 12, 1960.

Andrew Riddle, Jr., City Atty., Ardmore, for plaintiffs in error.

Wilson Wallace, Ardmore, for defendant in error.

IRWIN, Justice.

Plaintiff commenced this action against the City of Ardmore, Oklahoma, and Don Franklin Wallace, for damages sustained in an automobile accident as the result of the collision of the car in which she was riding with a car owned by the City of Ardmore and driven by Don Franklin Wallace, a city policeman. Trial was had to a jury resulting in a verdict in favor of the plaintiff, upon which judgment was entered. After motion for new trial was overruled, the defendants perfected this appeal. The parties will be referred to as they appeared in the trial court.

### Pleadings

In her amended petition plaintiff alleges that on January 24, 1957, she was passenger in a car owned and driven by her husband; that they were proceeding west on Main Street in the City of Ardmore about 7:55 A.M.; that the flow of traffic at the intersection of Main and Washington Streets is controlled by traffic lights. At the time the car in which plaintiff was riding entered the intersection of Main and Washington Streets, the signal light was green for traffic moving east and west on Main Street and red to halt traffic flowing north and south on Washington Street.

That after entering the intersection a police car owned by the City of Ardmore and driven by the defendant, Don Franklin Wallace, traveling north on Washington Street at a speed of 35 miles per hour in excess of the speed limit of 25 miles per hour, proceeded into the intersection against a red light and without yielding the right of way, struck the car in which she was riding, knocking it across the intersection and over the curb on the northwest corner, throwing her out of the car and onto the pavement, resulting in multiple injuries to her. That the injuries and damage sustained by her were the result of the negligence and carelessness of the defendants and each of them, jointly and severally.

As a special act of negligence, the plaintiff alleges the City of Ardmore installed and had complete control of the operation of the traffic signals and carelessly and negligently failed to turn the signal red to stop east and west traffic on Main Street and allow the passage of defendant's car through the intersection of Main and Washington Streets.

The City of Ardmore filed its answer which, in addition to a general denial, admitted it is the owner of the automobile driven by the police officer, Don Franklin Wallace; that it did erect, install, operate and maintain the traffic signals and the same was in accordance with the city ordinances and the Statutes of Oklahoma; that it was under no duty or obligation to erect, install, maintain and operate any other type of traffic control at said intersection; that Don Franklin Wallace was answering an emergency call at the time of the accident and at all times was acting within the scope of his employment; that he was engaged in a governmental function and the City of Ardmore is therefore immune from liability and responsibility.

The defendant, Wallace, filed his answer which in addition to a general denial, admitted he was driving the city owned police car; that the car was marked with large signs and decals showing the car to be a police car; that he was on an emergency call and was operating the car in a prudent

manner and in accordance with the law of Oklahoma, and the ordinances of the City of Ardmore; that prior to the collision he caused the headlamps to light up, a red spotlight to light and the siren to clearly and audibly sound; that the lights were clear and visible for 500 feet and the lights and sirens were operating at all times.

That the collision was directly and proximately caused by the negligence and want of care of the driver of the car in which plaintiff was riding, which negligence and want of care is imputed to the plaintiff as she and the driver were on a joint mission; that the driver was exceeding the speed limit and did not have control of the car so he could stop within the assured clear distance ahead; that the driver drove into the intersection without yielding the right of way contrary to the city ordinance and that he, the defendant, was acting as a reasonably prudent policeman would act under the same or similar circumstances.

The plaintiff filed replies to the amended answers of the defendants in which she alleges that the operation, maintenance and installation of the traffic signals was done by the City of Ardmore in its proprietary capacity. That Don Franklin Wallace did not have the right of way at the time of the accident; that he was not on an emergency call and that he did not have the siren going or the headlamps or spotlight lighted.

## Evidence

The plaintiff offered the testimony of three witnesses in addition to her own that she was riding in the car with her husband as the driver at the time of the collision; that the traffic signal for traffic on Main Street was green when their car entered the intersection; when their car reached the center of the intersection, it was struck by a police car driven by the defendant Wallace, and owned by the City of Ardmore; the police car was making about 60 miles per hour and witnesses heard no siren and saw no lights on the city car; that their car was knocked over the curb on the northwest corner of the intersection and plaintiff was knocked to the pavement and sustained multiple injuries.

Ernest V. Cox, head of the electrical department of the city testified that he had charge of the maintenance and operation of the traffic signals and there is no way to change the lights from red to green to permit a fire truck or police car to go through the intersection at Main and Washington, and at the same time stop the traffic on Main Street. That there is a master switch at the City Hall in the fire department, if working, that could change the lights to green for emergency runs but it had not been in commission for the three years he had worked for the City; that it could be put in working order by spending about $50 at each intersection.

The defendants offered testimony that an emergency call concerning an accident at 923 A Street, Northeast, was taken by the desk sergeant at the police station and given to the defendant Wallace, to answer; that Wallace took officers Smithers and Blanton with him. That Wallace turned on the red spotlight, the headlights and started the siren and the siren was sounding until the collision occurred. That as the police car neared the intersection of Main and Washington Streets, Wallace reduced the speed and entered the intersection against a red traffic light. That a building blocked his view to the east on Main Street and he didn't see the car in which plaintiff was riding until it was too late for him to avoid a collision. That the driver had no way of changing the lights at the intersection so he could proceed through on a green light.

Motion for an instructed verdict was made by both plaintiff and defendants.

## Contentions

The defendants make four contentions. 1. The City of Ardmore cannot be liable for the acts of negligence of its police officers while engaged in an emergency run for the enforcement of its laws and ordinances. 2. In the installation, maintenance and control of traffic signal lights,

the city is exercising governmental function and not an administrative or proprietary function for which it may be held liable for negligent acts. 3. The city has authority to regulate the use of its streets under its police powers. 4. Instructions No. 6 and No. 8 were conflicting and confusing to the jury.

The plaintiff contends there is no evidence to establish that the defendant Wallace was on an emergency run at the time of the accident. That the city in the installation, maintenance and operation of the traffic lights was engaged in an administrative or proprietary function and as such is liable for the negligence and carelessness of the police officer driving the car and that instructions No. 6 and No. 8 correctly state the law of the case.

### Issues

While there are several side issues presented, the main issue to be determined is: Was the City of Ardmore engaged in an administrative or proprietary function in the installation, maintenance and operation of the traffic signals, or was such merely a governmental function?

### Conclusions

The plaintiff agrees with contention No. 1, that a city, through the exercise of its police power may regulate traffic on its streets and alleys. In this connection see In re Seltenreich, 95 Okl.Cr. 250, 244 P.2d 587.

A city has two classes of powers. One class is Legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people. In such functions, a city is not liable for the negligence of its officers or employees. See City of Lawton v. Harkins, 34 Okl. 545, 126 P. 727, 42 L.R.A.,N.S., 69; Oklahoma City v. Baldwin, 133 Okl. 289, 272 P. 453; Spaur v. City of Pawhuska, 172 Okl. 285, 43 P.2d 408; Savage v. City of Tulsa, 174 Okl. 416, 50 P.2d 712; Chism v. City of Tulsa, 192 Okl. 366, 136 P.2d 409, and Grimes v. City of Henryetta, 208 Okl. 217, 254 P.2d 980. The other class is proprietary, corporate, or quasi private, conferred upon it, not for the purpose of governing its people, but for private advantage of the inhabitants of the city and the city itself as a legal personality. In such functions, the city is liable for the negligence of its officers or employees. See Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822; City of Oklahoma City v. Haggard, 170 Okl. 473, 41 P.2d 109; Oklahoma City v. Richardson, 180 Okl. 314, 69 P.2d 334; Pool v. City of Cushing, 184 Okl. 577, 89 P.2d 294; and City of Tulsa v. Hodge, Okl., 293 P.2d 344.

We must determine if the driver of the police car was engaged in a governmental function for the City of Ardmore, or was he engaged in an administrative or proprietary function on behalf of the city at the time of the accident. The plaintiff takes the position that when the city passed the resolution or ordinance to install the traffic lights, this was a governmental function, but the installation, operation and maintenance of the signals, and the failure to connect and keep in operation the master switch at the City Hall by which all traffic approaching streets over which city automobiles or trucks make emergency runs, could be stopped by changing all such traffic lights to red, is a proprietary or administrative function. We cannot sustain this contention.

Attention is directed to the case of Kirk v. City of Muskogee, 183 Okl. 536, 83 P.2d 594. In that case, by ordinance of the City a stop sign was placed at the intersection of "K" and Houston Streets to warn the traveling public who approached Houston Street from the south on "K" Street that Houston Street was a through street and to stop before entering the intersection. The sign was made of rubber, two feet long and eight inches high and was placed in the center of "K" Street where it intersects Houston Street from the south. The city had permitted the sign to become worn until it was obscure and invisible by reason of having been worn even with the surface of the street. Kirk was riding as a passenger in a car driven by a non-resident of Muskogee and the driver failed to stop before entering Houston Street and collided with a car in

the middle of the intersection, resulting in the death of Kirk. With reference to the liability of the city, we held:

> "The alleged failure of a city to maintain a traffic sign in such a manner that it will apprise the drivers of vehicles of their duty to stop at a street intersection will not support an action for death resulting from a collision between two automobiles at said intersection."

In the body of the opinion we said:

> " * * * There is no doubt that the regulation of traffic is a governmental function and that no liability accrues on the part of a municipality for negligence in the performance of said function. * * *."

The above case was cited in the case of Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881, wherein the court said:

> "The installation and maintenance of a traffic light signal system is for the sole benefit of the public and its safety when using the streets, and is not installed for the benefit of the city."

See also Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W.2d 778; Martin v. City of Canton, 41 Ohio App. 420, 180 N.E. 78; Dorminey v. City of Montgomery, 232 Ala. 47, 166 So. 689; Sandmann v. Sheehan, 279 Ky. 614, 131 S.W.2d 484; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Vickers v. City of Camden, 122 N.J.L. 14, 3 A.2d 613; Parsons v. City of New York, 248 App.Div. 825, 289 N.Y.S. 198; and Lakoduk v. City of Spokane, 47 Wash.2d 286, 287 P.2d 338. In the last cited case, a fire truck was answering a call to free a child who had locked itself in the bathroom. The fire truck with siren sounding entered an intersection against a red light and collided with an automobile, causing at least one death. The court held that the city in regulating and maintaining traffic control signals is performing a governmental function, not a proprietary function and was therefore immune from liability.

Whether the City of Ardmore should have spent additional money and had the traffic lights at each intersection connected with the master switch at the city hall so that lights on cross streets, when a municipal automobile or truck was on emergency run, could be turned red relates wholly to an issue of discretion to be resolved by the governing officials of the city. See Ashburn v. Oklahoma City, 192 Okl. 46, 134 P.2d 365.

■ We therefore hold the City of Ardmore was performing a governmental function and is not liable herein and the cause should be reversed with directions to the trial court to dismiss the action against the City of Ardmore. As to the defendant, Don Franklin Wallace, a different situation exists. In the case of City of Lawton v. Harkins, supra, we held the general doctrines of law touching personal liability for torts apply to policemen. Applying this rule to this case while there is no liability on the City of Ardmore, the codefendant Don Franklin Wallace alone, may be liable if he did not operate the authorized emergency vehicle with due regard for the safety of others.

■ In reviewing the instructions and considering them as a whole, we find them both conflicting and inconsistent. One instruction states the general rule concerning which vehicle has the right of way when two vehicles approach an intersection and another instruction states the rule when a vehicle approaches an intersection responding to an authorized emergency call. We are unable to determine which instruction the jury followed and which instruction the jury ignored. See City of Tulsa v. Pearson, Okl., 277 P.2d 135. Another instruction stated, "You are instructed that the defendant, Don Franklin Wallace, was not permitted to drive his vehicle in reckless disregard of the safety of other persons and that the fact that he was driving a police vehicle at the time of the accident did not relieve him from duty of exercising due care for the safety of other persons using the streets of the City of Ardmore." We believe the instruction should have been, "If you find the defendant was not exercising

due care for the safety of other persons using the streets of the City of Ardmore in the operation of his vehicle, the fact that he was driving a police vehicle at the time of the accident would not relieve him from liability."

Considering the entire instructions, we hold they were not only conflicting and inconsistent, but prejudicial to the defendant Wallace.

The judgment is therefore reversed as to both defendants and remanded with instructions to dismiss the cause against the City of Ardmore and grant a new trial to the defendant Wallace.