CITIES AND TOWNS — LIABILITY INSURANCE — GOVERNMENTAL IMMUNITY Where the Legislature authorizes a city or municipality to purchase liability insurance pursuant to the terms of 11 O.S. 16.4 [11-16.4] (1975), governmental immunity from tort liability is waived to the extent of the insurance coverage purchased, regardless of whether the act giving rise to the claim was performed in connection with a governmental or proprietary function. The Attorney General is in receipt of your opinion request wherein you ask the following question: "Whether 11 O.S. 16.4 [11-16.4] (1975) as amended eliminates all governmental immunity within the limitations set forth regardless of whether the act giving rise to the liability is a governmental or proprietary function." Title 11 O.S. 16.4 [11-16.4] (1975) provides in pertinent part: ". . . The governmental immunity to tort action of the city shall be waived to the extent of the amount of insurance or city-provided self-insurance authorized and required herein, but in no case shall such immunity be waived in excess of coverage, force or effect of such insurance. . . ." The Oklahoma Courts have consistently recognized the rule that a municipality is immune from tort liability arising from the negligent acts of its officers, agents or employees in the performance of their governmental duties unless expressly waived. Further, the Court has noted exceptions when the act giving rise to liability resulted from the performance of a proprietary interest by the municipality See Young v. Chicago, Rock Island Pacific Railroad Company, Okl., 541 P.2d 191
(1975); City of Ardmore v. Hendrix, Okl., 348 P.2d 497
(1960); Oklahoma City v. Taylor, Okl., 470 P.2d 825
(1970). Recently, the Oklahoma Supreme Court ruled that immunity from suit is waived by a governmental entity if liability insurance has been purchased, regardless of whether the act giving rise to the liability is proprietary or governmental in nature. See Schrom v. Oklahoma Industrial Development, Okl., 536 P.2d 904
(1975). Again, this year, the Oklahoma Supreme Court reiterated the Schrom decision in Lamont Independent School Dist. No. I-95 of Grant County, et al. v. Swanson, 47 O.B.J. Vol. 14, p. 764 (1976). In this case the plaintiff brought suit against the Grant County School District to recover for injuries allegedly sustained during a basketball game. Petitioner, the insurance carrier brought an original action on a writ of prohibition to prevent the trial court from proceeding further in the action claiming, among other things, governmental immunity of the school district. The facts of the particular case disclosed that the school district had purchased liability insurance to protect it from tort liability and it was plaintiff's contention that securing the liability insurance waived governmental immunity to the extent of the purchased coverage. In sustaining plaintiff's position in Lamont, supra, the Supreme Court stated: "We hold securing liability insurance is not an absolute waiver of governmental immunity but is a waiver of governmental immunity to the extent of the insurance coverage only." In Lamont, supra, the Court further cited with approval the Illinois case of Thomas v. Broadlands Community Consol. School Dist., Ill.App., 109 N.E.2d 636, wherein the Illinois Supreme Court stated: "When liability insurance is available to so protect public funds, the reason for the rule of immunity vanishes to the extent of the available insurance." It is clear that the primary purpose behind the rule of governmental immunity is to protect public funds and property from damage claims arising from the duties which each governmental entity must perform regardless of its relation to others. To subject a governmental agency to damage claims arising from the performance of these duties would substantially destroy, if not totally dissipate, the funds and resources specifically apportioned for certain specific governmental purposes. Without this rule of immunity protecting those resources the operation of a public system would be seriously curtailed. However, where liability insurance is purchased, those funds are protected to the extent of the coverage provided, thus eliminating the rationale for imposing the rule of governmental immunity. The Court further stated in the body of Lamont v. Swanson, supra: "It would be an entirely useless gesture and waste of public funds for a municipality to carry liability insurance to protect it in tort actions if it were required to plead and set up governmental immunity as a defense. The more equitable rule, sanctioned by reason and common sense would be to permit plaintiff to plead and prove that defendant carried liability insurance; then limit the judgment to such coverage. That seems to be a reasonable extension of the rules announced by our courts." Your question whether 11 O.S. 16.4 [11-16.4] (1975) waives all governmental immunity regardless of whether the act giving rise to the liability is a governmental or proprietary function. This was, in effect, the question before the Oklahoma Supreme Court in the case of Schrom v. Oklahoma Industrial Development, supra. Plaintiff sought to recover for injuries he sustained when he attempted to walk through a glass door while a guest at Fountainhead State Lodge. It appeared that pursuant to the lease rental contract for the operation of the Lodge, the defendant had purchased liability insurance. The primary contention of the defendant in Schrom, supra, was governmental immunity from suit based upon the assertion that the Lodge was a governmental extension of the State of Oklahoma, and thus, immune from liability without an express waiver. Plaintiff contended that the State Lodge was not a governmental entity and even assuming its status as a wholly owned subsidiary of the State of Oklahoma, its function was proprietary in nature, and therefore, removed the defense of governmental immunity raised by the defendant. Plaintiff further argued in the alternative that the defendant had waived governmental immunity to the extent of the liability insurance which it had purchased. The Court held in Schrom, supra, that a determination as to whether the operation of the Lodge constituted a governmental or proprietary function was immaterial and went on to say: "Legislative authority for a department to purchase liability insurance must be construed to include a consent to be sued and a waiver of governmental immunity to the extent of the insurance coverage only." A literal reading of Section 11 O.S. 16.4 [11-16.4] clearly authorizes cities and towns to purchase liability insurance coverage within the stated limits of the amendment. Under the provisions of this amendment, governmental immunity is expressly waived to the extent of the coverage purchased. Whether the act itself giving rise to the liability is proprietary or governmental is immaterial, so long as the liability insurance covers the claims of the injured party or parties. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Where the Legislature authorizes a city or municipality to purchase liability insurance pursuant to the terms of 11 O.S. 16.4 [11-16.4] (1975), governmental immunity from tort liability is waived to the extent of the insurance coverage purchased, regardless of whether the act giving rise to the claim was performed in connection with a governmental or proprietary function. (Paul C. Duncan)