JANE V. WEST, Appellant, v. THE CITY OF NEW YORK et al., Respondents.

140

(Submitted June 8, 1934; decided July 3, 1934.)

*Samuel F. Frank* and *Arthur W. Weil* for appellant.

*Paul Windels,* Corporation Counsel (*Paxton Blair* and *Samuel A. Bloom* of counsel), for city of New York, respondent.

*Walter L. Glenny* for Empire State, Inc., et al., respondents.

*Henry J. Smith* and *Joseph L. Zelaskow* for Fifth Avenue Coach Company, respondent.

CROUCH, J.   In September, 1929, during the demolition of the old Waldorf-Astoria Hotel and the construction of the Empire State Building, Starrett Bros., Inc., the contractor, under permit from the city of New York, constructed a sidewalk shed on the west side of Fifth avenue between Thirty-third and Thirty-fourth streets, to protect pedestrians.  The posts which supported the structure rested upon a sill four inches in height and eight inches in width, laid upon the sidewalk parallel with and six inches in from the curb.  The posts were about nine and one-half feet apart.  Except for the posts and the sill there was no obstruction to passage from the sidewalk to the roadway.  South-bound omnibuses of the Fifth Avenue Coach Company after crossing Thirty-fourth street when signaled to take on or discharge passengers, came to a full stop south of the crosswalk, and, therefore, in front of the arches of the shed through which passengers passed to and fro.  At night the interior of the shed was illuminated (except for the diffused light from the street lamps) only by a string of single incandescent lamps about fifteen feet apart and about nine feet above the sidewalk.

On the evening of December 10, 1929, the plaintiff, intending to board an omnibus which had stopped with its rear end about twenty feet south of the crosswalk of Thirty-fourth street, walked diagonally across the sidewalk from the corner toward the rear of the standing omnibus.  The sidewalk was crowded with pedestrians, and as plaintiff attempted to pass out into the roadway through the third arch, she tripped over the sill and fell forward into the street.

To recover for the injuries thus sustained, this action was brought against the city of New York, Starrett Bros., Inc., the contractor, Empire State, Inc., the owner of the premises, and Fifth Avenue Coach Company.  At

the trial the complaint was dismissed as to Empire State, Inc., and Fifth Avenue Coach Company. As to the other two defendants, the case was sent to the jury. The jury having disagreed, the trial judge under a reserved motion dismissed the complaint as to them also. The judgment was unanimously affirmed by the Appellate Division.

So far as the defendants Empire State, Inc., and Fifth Avenue Coach Company are concerned, the judgment may be affirmed without discussion. We are left to say whether or not the dismissal as to the city and the Starrett Bros., Inc., was erroneous.

The city ordinances provide that where a building is to be erected or demolished, the person doing the work " shall erect and maintain during such work a substantial shed over the sidewalk in front of said building and extending, so far as practicable, from building line to curb. * * * Every such shed shall be kept properly lighted at night." (New York Code of Ordinances, ch. 5, art. 10, § 191, as amd.) A regulation promulgated by the Superintendent of Buildings required sills to be eight inches by six inches. There are no other relevant provisions, except those relating to permits. The contractor had procured from the city a permit, which, among other things, required the interior of the shed to be properly lighted.

The complaint was framed and the case tried on what seems to have been a theory of negligent nuisance. That the erection and maintenance of the shed were lawful was not disputed; but it was claimed that the sill was an unreasonably dangerous obstruction because the shed was not properly lighted and because the sill was not marked or guarded, as for example by a guard rail above it, so as to warn travelers of its existence.

The rules and ordinances of the city dealt not at all with the details of construction, except so far as structural strength and lighting are concerned. There was, there-

fore, an implied condition that the shed should be so built and its parts so located as to avoid unreasonable and unnecessary danger to travelers. (*Stern* v. *International Ry. Co.*, 220 N. Y. 284, 291.) Primarily a sidewalk shed is intended as protection from danger above. To that end, such obstruction of the passageway as is reasonably necessary can in no sense be a nuisance. If, however, the obstruction is so needless and so dangerous as to be unreasonable, under all the circumstances of time and place; or if there is a failure to comply with some specific provisions of the law which directly or indirectly creates a dangerous situation, the one who creates the danger may be charged with liability, because the obstruction is then a nuisance; and the city may be charged with liability for failing to abate it.

Whether the sill in question as it existed at the time of the accident was an obstruction so needless and so dangerous as to be unreasonable was, we think, a question of fact for the jury. The arches or open spaces between the posts, unobstructed save by the sill, constituted an invitation to use. Travelers would naturally pass through them, just as plaintiff did, in boarding or leaving the omnibuses at a point where the omnibuses stopped upon signal. Had beams or sills of the same size been laid across the sidewalk, intercepting the direct line of traffic, there could be little doubt that they would have constituted a dangerous obstruction. That the sill in question intercepted a smaller and collateral line of traffic is a matter of degree only. Whether or not it was customary to block such spaces with a guard rail between the posts, it is obvious that such a device would have done away with the invitation to use. Moreover, the question of reasonableness must be considered in connection with the evidence of crowded foot traffic on this block and of defective or insufficient illumination.

But it is urged that the plaintiff was, as matter of law, guilty of negligence precluding recovery. It is true that

a person traversing a temporary passageway or even, as here, a covered sidewalk, is not at liberty to proceed with as little heed and care as upon a permanent and completed way. (*Nolan* v. *King*, 97 N. Y. 565.) The testimony, however, shows that plaintiff walked exactly as the crowd around her walked —" as anyone would walk, slowly and making her way towards the curb and towards the bus." And when she reached the curb she says she looked as she started to step off, " but it was so dark I couldn't see it." Again, we think, the question was for the jury.

The judgment should be modified so as to grant a new trial as to defendants city of New York and Starrett Bros., Inc., with costs to appellant in all courts to abide the event; otherwise, judgment affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Judgment accordingly.