CHARLES H. MURPHY, Appellant, *v.* THE INCORPORATED VILLAGE OF FARMINGDALE, Respondent. (Appeal No. 1.)*

Second Department, November 5, 1937.

* Revg. 163 Misc. 221.

Arthur N. Sager [*Edward J. Murphy, Jr.*, with him on the brief], for the appellant.

*David Holman* [*Jacob J. Pincus* with him on the brief], for the respondent.

CARSWELL, J. Plaintiff suffered personal injuries as a consequence of an automobile, which he was operating after dark, colliding with a concrete base on which was set a stanchion to support a traffic control signal or tower maintained by the defendant village at the intersection of two of its streets. His complaint against the village sets out two causes of action. The first is on the theory of nuisance in locating or maintaining the structure without adequate lighting to warn motorists of the existence or extent of what is claimed to be a dangerous obstruction in the public highway. The second is on the theory that the village failed and neglected to have the lights provided and installed on the structure lighted so as to give motorists warning of the location and existence and extent of the obstruction.

Defendant has obtained a dismissal of the complaint under the doctrine of immunity from liability where a governmental function is being discharged. The operation of traffic signal lights is a governmental function carrying with it immunity from liability as a consequence of negligent operation thereof. (*Parsons* v. *City of New York*, 248 App. Div. 825; affd., 273 N. Y. 547.) The modern tendency is against the rule of non-liability (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 205); hence the doctrine of immunity should not be extended to relieve the defendant. It is not available to meet a charge of nuisance or negligence relating to the media through which the governmental function is discharged (*Koehler* v. *City of New York*, 262 N. Y. 74, 77; *Herman* v. *City of Buffalo*, 214 id. 316, 318; *Donovan* v. *City of Buffalo*, 251 App. Div. 871) where the construction or maintenance relates to a structure which is dangerous; that is, where danger exists to an unreasonable extent. This is so even though the original location of the structure may

have been lawful. (*Koehler* v. *City of New York, supra.*) If such a structure be lawfully located in the highway it must be reasonably guarded or lighted to warn travelers of its presence.

The operation of a traffic signal or traffic control system is a governmental function, but the keeping of a street in a reasonably safe condition for travel thereon is a corporate or proprietary function. If the structure placed in the traveled portion of the street to support the traffic control light is a nuisance as a consequence of its condition or the character of its construction, considered in connection with the extent to which its illumination fails reasonably to apprise motorists of its presence, the doctrine of governmental immunity from liability has· no application. That doctrine does not concern itself with the corporate or proprietary obligation to maintain reasonably safe street conditions.

The complaint tenders an issue of fact as to whether or not the traffic control stanchion and concrete base upon which it was set was unreasonably dangerous to motorists as a consequence of the structure's creating an unreasonably unsafe street condition in connection with the lack, if any, of illumination thereof or other warning sufficient reasonably to apprise motorists traveling on ·the highway of the existence and extent of the structure.

It cannot be determined in advance of a trial what official or officials installed the structure. This may or may not be a pertinent subject of inquiry to determine the applicability, if any, of the doctrine of non-liability for mere error of judgment in the plan of construction — whether or not the installation was a formal act or the act of a delegate of the municipality. (6 McQuillin on Corporations, § 2804; *West* v. *City of New York*, 265 N. Y. 139, 143; *Collett* v. *Mayor*, 51 App. Div. 394.) The facts in other respects or the issue thereon may make inquiry on this phase unimportant.

These views require a holding that as a matter of mere pleading the complaint sufficiently states causes of action and that the motion to dismiss should have been denied.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HAGARTY, JOHNSTON, ADEL and CLOSE, JJ., concur.

Order of the County Court of Nassau county, dismissing the complaint and granting judgment on the pleadings, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.