IRMA KAMNITZER et al., Appellants, *v.* CITY OF NEW YORK et al., Respondents.

First Department, March 12, 1943.

*Philip A. Gore* of counsel (*Richard J. Stull* with him on the brief; *Stull & Gore,* attorneys), for appellants.

*Irving Galt* of counsel (*Paxton Blair* with him on the brief; *Thomas D. Thacher, Corporation Counsel,* attorney), for respondent City of New York.

Cohn, J.   While proceeding northerly on Broadway in the city of New York, near the easterly curb, preparatory to parking, a truck owned by defendant Diggins and operated by defendant Grapper, came into contact with visors of the lighting section of the traffic light pole at the northeast corner of thirty-ninth street.   The collision caused the top section of the traffic light pole to fall upon appellant Irma Kamnitzer who was standing on the sidewalk nearby.   This suit was brought by the injured appellant and her husband against the owner of the truck, its operator, and the city of New York to recover damages for personal injuries and for loss of services.   After the complaint was dismissed as against defendant the city of New York at the close of appellants' case, the jury rendered a verdict against the other defendants in favor of appellants.   From a judgment accordingly entered, this appeal is taken.

The uncontradicted evidence established that this traffic light pole, although erected on the sidewalk and set back at its base fourteen and one-half inches from the curb line on the east side of Broadway, was, nevertheless, in a bent and inclined condition so that the lighting section, and in particular the visors which were seven inches in length, extended over the curb and out into the street where motor vehicles were bound to pass. Testimony was also adduced to show that no part of the truck climbed on the sidewalk or overhung the curb; that the truck when it collided with the visor attached to the traffic light was entirely on the roadway and that the traffic light pole had for several months prior to the accident been in a bent and inclining position.

We think that appellants made out a *prima facie* case against the city of New York. The law is well settled that the city is liable for failure to keep and maintain its streets and sidewalks in a reasonably safe condition for the use of the public and is liable for permitting dangerous obstructions or nuisances thereon. (*Koehler* v. *City of New York,* 262 N. Y. 74, 77; *Morse* v. *City of New York,* 262 N. Y. 495; *Stern* v. *International R. Co.,* 220 N. Y. 284, 294; *Landau* v. *City of New York,* 180 N. Y. 48, 54.)

Respondent city of New York urges that the stanchion used in the regulation of traffic by the Police Department was maintained solely in the exercise of a governmental function and hence conferred immunity upon the city. The duty of the municipality to keep its streets in a reasonably safe condition is a primary corporate duty for the discharge of which liability is imposed upon the corporation. (*Oeters* v. *City of New York,* 270 N. Y. 364, 368; *Ehrgott* v. *Mayor, etc., of City of N. Y.,* 96 N. Y. 264, 274; *Whittaker* v. *Village of Franklinville,* 265 N. Y. 11.) The modern tendency is against the rule of nonliability of municipalities for the acts of employees appointed by municipal authorities and paid with municipal funds. The duty to preserve the safety of its streets by whatsoever agency it may employ for that purpose, is proprietary rather than governmental. (*Oeters* v. *City of New York, supra; Matter of Evans* v. *Berry,* 262 N. Y. 61, 70, 71; *Augustine* v. *Town of Brant,* 249 N. Y. 198, 205.)

Operation of signal traffic lights and the regulation of traffic on the streets of the city of New York, it is true, are recognized as the performance of a police or governmental function for neglect in the exercise of which the city is not liable. (*Par-*

*sons* v. *City of New York,* 248 App. Div. 825, affd. 273 N. Y. 547; *Murphy* v. *Incorporated Village of Farmingdale,* 252 App. Div. 327.) However, there is a well-defined distinction between acts connected with the operation of lights to serve the governmental function and the physical maintenance on the streets of the devices through which the governmental function is served. In the first instance, the police act as agents of the city in its governmental capacity, in which case the city is not responsible, but, in the second, the duty involved is the maintenance of city highways, which is action by the city in its corporate or proprietary capacity for which the city is responsible. (*Koehler* v. *City of New York, supra; Donovan* v. *City of Buffalo,* 251 App. Div. 871, leave to appeal denied 276 N. Y. 687; *Murphy* v. *Incorporated Village of Farmingdale, supra,* leave to appeal denied 276 N. Y. 690.)

In *Twist* v. *City of Rochester* (37 App. Div. 307, affd. 165 N. Y. 619) the court in denying to defendant the plea of immunity, where an electric line was being maintained for the use of the police department, said, at page 316: " * * * but in highway or street cases another principle intervenes. The municipality, in such cases, is bound to use reasonable care to render the streets safe for public use and travel; and the decisions are uniform that, where a municipal corporation permits a nuisance in its streets, or commits negligent acts which result in injury to a person using the streets, the corporation is liable in damages to the person injured if he is free from contributory negligence, and cannot protect itself under the claim that its acts were so far public that it was free from responsibility."

For the first time, respondent contends that appellants' notice of claim presented to the Comptroller for adjustment in compliance with section 394a–1.0 of the Administrative Code of the City of New York was insufficient because it failed to disclose that the act of negligence of a third party was in any wise responsible for the injuries and that the traffic light signal which caused the injuries was affixed to a stanchion which inclined or leaned towards the curb so that a portion extended over the roadway. The object of the notice is to give the city authorities time to investigate, and, if the claim is good, pay without suit. (*Bernreither* v. *City of New York,* 123 App. Div. 291, affd. 196 N. Y. 506.) We think, however, that the notice is in substantial compliance with the statute. It sets forth the time when and the place where the accident occurred and it describes appellants' claim insofar as it relates to the city of New York.

The information supplied was sufficient to enable the city to investigate the claim and nothing more is required. (*Sheehy* v. *City of New York,* 160 N. Y. 139; *Schwartz* v. *City of New York,* 250 N. Y. 332.) It also appears that more than thirty days before the institution of the action, under the authority of section 93d-1.0 of the Administrative Code, respondent, the city of New York, subjected appellant, Irma Kamnitzer, to an oral examination relative to the justness of her claim.

The complaint against the city of New York should not have been dismissed in view of the evidence which established *prima facie* that the traffic light pole was maintained in a negligent condition and constituted a dangerous obstruction upon the highway, of which the city had notice and that such obstruction was a proximate cause of said appellant's injury.

Though appellants have also appealed from the judgment in their favor against defendants Diggins and Grapper who had defaulted upon the trial, no reason is urged for reversing the judgment against these defendants, nor does there appear to be any basis for disturbing it. Accordingly, as to defendants Diggins and Grapper, the judgment should be affirmed.

The judgment insofar as it dismisses the complaint against the city of New York should be reversed, the action severed, and a new trial ordered as to said defendant, with costs to the appellants to abide the event.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment in favor of the plaintiffs against the defaulting defendants Diggins and Grapper unanimously affirmed. Judgment insofar as it dismisses the complaint against the defendant, the city of New York, unanimously reversed, the action severed, and a new trial ordered as to said defendant, with costs to the appellants to abide the event.