■ RACHEL BALSAM et al., Respondents, v DELMA ENGINEERING CORP. et al., Defendants, and CITY OF NEW YORK, Appellant. [650 NYS2d 707] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered April 28, 1995, after a jury trial, which found defendant New York City ("the City") 100% liable, and judgment (same court and Justice), entered on or about May 17, 1995, awarding plaintiffs $4 million, unanimously reversed, on the law, without costs, the judgments vacated and the complaint dismissed as against defendant New York City. The Clerk is directed to enter judgment in favor of defendant-appellant City of New York dismissing the complaint as against it.

Contrary to plaintiffs' assertion, at the time and place in question, the police were engaged in the regulation of traffic, a police function, and were therefore acting in a governmental, as opposed to proprietary, capacity (*see, Parsons v City of New York*, 248 App Div 825, *affd* 273 NY 547; *see also, Kamnitzer v City of New York*, 265 App Div 636). Indeed, it is the plaintiffs' argument that the police were negligent in not re-routing traffic in some manner to avoid the icy condition that was the cause of plaintiffs' injuries.

Consequently, in order to impose liability on the City acting in its governmental capacity, it is necessary for plaintiffs to demonstrate that a special relationship existed between them and the City (*Cuffy v City of New York*, 69 NY2d 255, 260; *see also, Riss v City of New York*, 22 NY2d 579, 583).

The record reveals that plaintiff failed in that regard. Of the four requirements necessary to establish a special duty ([1] an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party injured; [2] knowledge on the part of the municipality's agents that inac-

tion could lead to harm; [3] direct contact between the municipality's agents and the injured party; and [4] the injured party's justifiable reliance on the municipality's affirmative undertaking [*Cuffy v City of New York, supra,* at 260]), the plaintiffs' evidence only sustained the second requirement. Furthermore, to the extent that the police exercised their professional discretion in determining how to handle this emergency situation, the City cannot be held liable for negligence in the exercise of a governmental function despite the fact that in retrospect they may have shown poor judgment (*Kenavan v City of New York,* 70 NY2d 558, 569).

The circumstances here are distinguishable from those in cases cited by plaintiffs, such as *Kamnitzer v City of New York (supra)* and *Cleary v City of New York* (47 NYS2d 456), where the governmental entity bore a measure of responsibility for the creation of the hazardous condition; here the hazard was apparently caused by a third party and had nothing to do with the City's maintenance or other proprietary responsibilities relative to the street. Also, plaintiffs' citation of *Coco v State of New York* (123 Misc 2d 653) in support of their claim is not persuasive to the extent that it suggests that police work is not a governmental function, but a *proprietary* one (*see, Miller v State of New York,* 62 NY2d 506, 510-512; *Riss v City of New York,* 22 NY2d 579, 581, *supra; Bass v City of New York,* 38 AD2d 407, 411, *affd* 32 NY2d 894).

In view of our holding on the question of the capacity in which the City was functioning, it is unnecessary for us to address the remaining issues raised on this appeal. Concur— Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.