■ AIDA BERTRAN, Individually and as Parent and Natural Guardian of JORDAN BERTRAN, an Infant, Appellant, v AARON BROWN et al., Defendants, and CITY OF NEW YORK Respondent. [688 NYS2d 42] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about February 23, 1998, which granted defendant City's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to reinstate so much of the complaint and any cross claims as allege that plaintiff's injuries were caused by the City's negligent failure to cap a fire hydrant or otherwise prevent its use for recreational purposes, and otherwise affirmed, without costs.

The IAS Court improperly resolved the issue of the City's negligence for failing to cap the fire hydrant near which the infant plaintiff was playing when he was struck by an automobile driven by the codefendant. An issue of fact is raised as to proximate cause by the codefendant's statements that the spray from the hydrant obstructed his view. An issue of fact is raised as to notice by evidence that in the three and a half years prior to the accident, the City had received five complaints that water was running from the hydrant, all lodged during summer months, suggesting that the hydrant was being regularly opened for recreational purposes. As to the question of duty, the City can be held liable for permitting dangerous obstructions or nuisances to remain on its streets and sidewalks (*see, Kamnitzer v City of New York*, 265 App Div 636, 636-638). Plaintiff's other theory of liability against the City, that it negligently failed to perform an adequate traffic signal warrant study of the area, has been abandoned. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.