■ NICOLE LEVY, Respondent, v STATE OF NEW YORK et al., Defendants, and CITY OF NEW YORK et al., Appellants. CRYSTAL CHILDS et al., Respondents, v CITY OF NEW YORK et al., Appellants. LEONARD A. NELSON, SR., et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. JEANICE ROBERTS et al., Plaintiffs, and BENJAMIN ANDREWS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [692 NYS2d 354] —Order, Supreme Court, New York County (Louis York, J.), entered February 17, 1998, and three identical orders, same court and Justice, entered March 4, 1998, which all denied the municipal defendants' motions for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motions for summary judgment granted. The Clerk is directed to enter judgment in favor of all municipal defendants-appellants except the Health and Hospitals Corporation, dismissing the complaints and cross-claims as against them.

Plaintiffs herein were injured at a City College of New York (CCNY) celebrity basketball game. They assert that the police voluntarily assumed a duty to all persons attending the game since they took over functions that would otherwise have been performed by private security or by the game's organizers.

A governmental entity acting with discretionary or reasoned judgment is immune from negligence suits (*Tango v Tulevech*, 61 NY2d 34, 41). The Court of Appeals has held the discretionary judgment defense applicable to high-level command decisions in explosive situations despite evidence that the police departed from usual procedure (*see, McCormack v City of New York*, 80 NY2d 808, 811; *Saarinen v Kerr*, 84 NY2d 494, 504). The *McCormack* rule has also been applied to the field actions of a Fire Department command where there is no clearly established procedure contrary to the actions taken (*Vyse v City of New York*, 204 AD2d 436, *lv denied* 84 NY2d 804) and to the actions of police officers in a rapidly evolving traffic crisis (*see, Balsam v Delma Eng'g Corp.*, 234 AD2d 118, 119, *affd* 90 NY2d 966).

The Court of Appeals has made it clear that immunity applies where the police merely respond to a particular person's distress as part of their over-all duty to the public (*Kircher v City of Jamestown*, 74 NY2d 251).

In the four cases herein, plaintiffs had to demonstrate that

the police in some way assumed responsibility for the planning and management of the security for the celebrity basketball game at CCNY beyond merely responding to a problem within the scope of their duties owed to the public. No such demonstration was made by plaintiffs. There is nothing in the record indicating that the police helped plan the event, helped to determine how the event would be carried out, participated in the running of the event, or took over responsibilities that would ordinarily have been the province of private security or the college. Their actions were purely reactive and wholly in the nature of traditional police duties. Thus, the decisions taken by the police were discretionary command decisions protected by the immunity doctrine (*McCormack v City of New York, supra,* at 811; *Balsam v Delma Eng'g Corp., supra,* at 119). Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.